MOTLEY, GREEN & CO. v. DETROIT STEEL & SPRING CO. et al.

(Circuit Court, S. D. New York. November 4, 1909.)

**1. DISCOVERY (§ 86*)—EXAMINATION OF BOOKS AND PAPERS BEFORE TRIAL.**
   Where, in a suit for conspiracy to deprive plaintiff of the benefit of a contract for the sale of defendant's product, it was claimed that the codefendant was organized to prevent plaintiff's performance of the contract, that the officers were the same, and that they conspired to make the codefendant sales agent for defendant, giving to it the right previously enjoyed by complainant, and to break complainant's contract, complainant was entitled before trial to examine the minute books of stockholders, directors, and executive committee of the codefendant relating in any way to the purchase of defendant's plant and property, all correspondence between the two companies or officers thereof, relating to all contracts between the companies, or between them, or either of them, and others, relating to a transfer of defendant's business, or to the operation of its plant, to a specified date, all vouchers, checks, and book entries relating to the alleged purchase, and all books and papers showing the total sales of articles of the character specified in the contract sued on from defendant's old plant, but not the names of purchasers.

   [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 86.*]

**2. DISCOVERY (§ 104*)—EXAMINATION OF BOOKS AND PAPERS BEFORE TRIAL—APPOINTMENT OF MASTER.**
   To avoid controversy in an inspection of books and papers before trial, a special master may be appointed to see that the order is fully and frankly complied with, and that plaintiff does not inspect anything not legitimately necessary to enable it to prove the cause of action at the trial.

   [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 104.*]

Suit by Motley, Green & Co. against the Detroit Steel & Spring Company and others. Application by plaintiff for an inspection of defendant's books and papers before trial. Granted.

See, also, 161 Fed. 389.

Luce & Davis, for plaintiff.

Joline, Larkin & Rathbone, for defendants.

LACOMBE, Circuit Judge. If all the books and papers of the Detroit Company are destroyed, the motion, so far as it is concerned, should be denied. But the affidavit of destruction should be more specific than the one now submitted. If such is not submitted on settlement of the order, the same relief will be given against both companies.

Plaintiff should be given inspection, etc., in advance of the trial, of the following books and papers of the Railway Steel Spring Company: So much of the minute books of stockholders, directors, and executive committee (if any) as relate in any way to the alleged purchase of the plant and property of the Detroit Company; all correspondence between the two companies, or any officers thereof, relating thereto; all contracts between said two companies alone, or between said two companies, or either of them, and others, relating to said transfer or purchase, or to the operation of the plant of the Detroit Company subsequent thereto down to November 18, 1902; all vouch-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ers and checks and all book entries relating to said alleged purchase. Also, covering the period from February 27, 1902, to November 18, 1902, all books and papers which will show the total sales of articles of the character specified in the contract sued on from the old plant of the Detroit Company, but not the names of the purchasers.

To avoid controversy during such inspection, etc., a special master will be appointed, who will see to it that the provisions of this order are fully and frankly complied with, and also that plaintiff does not get sight of anything not legitimately necessary to enable it to prove its case on the trial.