Rockingham,
March 1, 1938.

ETHEL INGRAM, *Adm'x v.* BOSTON & MAINE RAILROAD.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Hughes & Burns* and *Charles F. Hartnett* (*Mr. Hartnett* orally), for the defendant.

MARBLE, J. Although section 8 of chapter 336 of the Public Laws provides for the production of the books, records and papers of domestic corporations it does not in our opinion deprive the court of its equitable power to order discovery. "Notwithstanding . . . . changes, made by statutes, which seem to remove the very foundation for any interposition by equity, it has generally been held that the legislature has not abridged nor affected the auxiliary equitable jurisdiction to entertain suits for mere discovery of evidence and production of documents, and that such equitable jurisdiction still exists, where not expressly abolished by the statutes." 1 Pomeroy, Eq. Jur. (4th *ed.*), *s.* 193, *pp.* 269, 270. See, also, Bispham, Equity (10th *ed.*), *s.* 558; *Reynolds* v. *Company,* 71 N. H. 332, 345.

In exercising this equitable power, however, a trial judge should be careful to observe the very definite limits of his authority. "The fundamental rule on this subject is, that the plaintiff's right to a dis-

covery does not extend to all facts which may be material to the issue, but is confined to facts which are material *to his . . . cause of action*; it does not enable him to pry into the defendant's case, or to find out the evidence by which that case will be supported." 1 Pomeroy, Eq. Jur. (4th *ed.*), s. 201. On the other hand, although the plaintiff is not entitled to a statement of the evidence material to the defence, he may nevertheless compel the discovery of all the facts material to his own cause of action, even though the defendant's evidence may thereby be incidentally disclosed. *Ib.*, citing *LaCoss* v. *Lebanon*, 78 N. H. 413, 414; Bispham, Equity (10th *ed.*), s. 561.

It is no objection that the evidence sought may be merely cumulative. *Reynolds* v. *Company*, 71 N. H. 332, 339. Nor need its materiality be definitely established. Its production will be ordered if the court can fairly find that it may in any way be material to the plaintiff's cause. *Peck* v. *Ashley*, 12 Met. 478, 481; *Reynolds* v. *Company, supra.*

The principles which govern discovery in general are applicable to the discovery of documentary evidence. 1 Pomeroy, Eq. Jur. (4th *ed.*), s. 205, *p.* 310. In the case of *Davis* v. *Company*, 79 N. H. 377, the trial court expressly found that the plaintiff was unable properly to prepare his case without an opportunity to inspect the documents sought to be discovered and that justice required their production. The order in the present case is assumed to be based on such a finding, under the rule that where no findings appear which make an order improper, all special findings necessary to justify it were presumably made. *LaMarre* v. *LaMarre*, 84 N. H. 553. See, also, *Keyes* v. *Baird*, 88 N. H. 449, 451, and cases cited.

It is suggested that the allowance of the motion may require the disclosure of facts which will subject the defendant to a penalty under P. L., c. 238, ss. 38, 39. There is nothing in the record, however, to indicate that any such claim was made at the hearing. Moreover, it is the general rule that a corporation has no privilege against self-incrimination. *Hale* v. *Henkel*, 201 U. S. 43; *Wilson* v. *United States*, 221 U. S. 361, 382; *Wagner &c. Co.* v. *Mali*, 74 Fed. (2d), 666, 670.

The defendant also contends that excessive hardship may result to it if compelled to comply with an order which grants to the plaintiff "the untrammeled right to inspect at will" the records in question. There is some force to this contention. The order is a very broad and general one, and if the defendant desires that some safeguard be imposed, it may request the Superior Court to appoint a

special master who will see not only that the order is properly complied with by the defendant but that the plaintiff does not inspect any records "not legitimately necessary to enable her" to prove her case on the trial. *Motley, Green &c. Co.* v. *Company*, 174 Fed. 734. See, also *Glenney* v. *Stedwell*, 64 N. Y. 120, 123.

*Exception overruled.*

All concurred.