Strafford,
Nov. 5, 1952. } No. 4136.

EVA DRAKE

*v.*

RETTA M. BOWLES d/b/a MY LADY BEAUTY SHOP.

*McCabe & Fisher* and *John D. McCarthy* (*Mr. Fisher* and *Mr. McCarthy* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendant.

KENISON, C. J. Discovery in this state may be characterized as broad and liberal and it functions with desirable flexibility

under the discretionary control of the Presiding Justice of the trial court. *Kann* v. *Company*, 81 N. H. 535, 541. It is favored as a means for the adequate preparation for trial and as a method for ascertaining the truth. *State* v. *Cote*, 95 N. H. 108, 111. "Because of the liberal laws in the state for the taking of depositions in advance of trial" (*Lefebvre* v. *Somersworth Co.*, 93 N. H. 354, 356), the necessity for the remedy of discovery in either law or equity is not as acute as it otherwise would be (*Staargaard* v. *Company*, 96 N. H. 17, 18). However, the remedy is available and has continued to develop for the most part without the aid of statute or special rules of court. R. L., c. 371, s. 1; *Reynolds* v. *Company*, 71 N. H. 332; *LaCoss* v. *Lebanon*, 78 N. H. 413; *Ingram* v. *Railroad*, 89 N. H. 277. *Cf. Veino* v. *Veino*, 96 N. H. 439.

In personal injury actions discovery takes the form of a physical examination of the injured party. This is usually done as a matter of course by agreement but the inherent power of the court to order an ordinary physical examination is settled in this jurisdiction. *Krook* v. *Blomberg*, 95 N. H. 170; VIII Wig. Ev. (3rd *ed.*) s. 2220 C, Note 13 (Supp.). The conditions under which the examination is to be made as well as its nature, extent and conduct may be defined by the Trial Court so that proper safeguards exist on behalf of the party examined. Anno. 135 A. L. R. 883; 50 Col. L. Rev. 1026, 1049. Discovery may even call for an autopsy if good and substantial reasons exist which make the evidence of the autopsy vital. *Kusky* v. *Laderbush*, 96 N. H. 286. The development and expansion of discovery in this jurisdiction clearly indicates that the Trial Court has discretionary power to order that a copy of the report of the physical examination be given to the plaintiff if required in the interests of substantial justice under the particular circumstances of any given case. Something more is required of the plaintiff than a desire to have the report or an attempt to avoid hiring his own physician. Therefore the following argument in behalf of the plaintiff is considered inadequate: "In many cases the plaintiff is a person of moderate circumstances who has suffered an injury and must, of necessity, keep his expenses down. If a report of defendant's expert doctor is not made available to plaintiff, then the plaintiff is put to the additional expense of employing an expert of his own to make an examination and to hold him in readiness as a witness." It is not difficult to think of circumstances where the death or unavailability of a party or a witness or other reasons would require that the report of the physical examination

be made available in the interests of justice but no such circumstances appear in this case. Accordingly there was no error of law or abuse of discretion in granting the defendant's motion and the order is

*Exception overruled.*

GOODNOW, J., did not sit: the others concurred.