The AETNA CASUALTY AND
SURETY COMPANY,

v.

RODCO AUTOBODY, et al.

Civ. A. No. 89–2180–N.

United States District Court,
D. Massachusetts.

March 22, 1990.

Howard Veisz, Kornstein, Veisz & Wexler, New York City, O. Brink, Gallagher & Gallagher, P.C., Boston, Mass., for the Aetna Cas. and Surety Co.

ROBERT B. COLLINGS, United States Magistrate.

Elizabeth Garabedian and Varoujian Garabedian, neither of whom are parties, were subpoenaed to appear on January 22, 1990 at 10:00 A.M. to give testimony and produce documents in this case pursuant to Rule 45(a) and (b), Fed.R.Civ.P. The Notices of Deposition were filed on January 10, 1990. *See* # # 326 and 327. Deposition subpoenas were served on the witnesses on January 15, 1990. *See* # 358.

Neither witness appeared at the time, date and place set for the deposition. Plaintiff's attorney was not notified in advance that the deponents would not appear. The attorney representing each deponent served the attorney for the plaintiff with objections to the subpoena *duces tecum* (*see* # # 355, 356) by mailing them to plaintiff's counsel on the date set for the deposition, i.e., on January 22, 1990, which, of course, meant that plaintiff's attorney would not receive them until the day after the deposition at the earliest. Neverthe-less, the objections were timely since they were served "on or before the time specified in the subpoena for compliance," Rule 45(d), F.R.Civ.P., and service by mail is complete upon mailing, *see* Rule 5(b), Fed. R.Civ.P.

■ However, the fact that objections were served is *no excuse whatsoever* not to attend the deposition. If the witnesses considered that they had grounds not to appear, they were required to file a motion for a protective order. Objections served pursuant to Rule 45(d), Fed.R.Civ.P., to a subpoena requiring production of documents merely protect the witness from having to permit inspection and copying of the documents by the party serving the subpoena. Thus, Rule 45(d), Fed.R.Civ.P., provides, in pertinent part:

> The person to whom the subpoena is directed may, within 10 days after service thereof or on or before the time specified in the subpoena for compliance if such time is less than 10 days after service, serve upon the attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. The party serving the subpoena may, if objection has been made, move upon notice to the deponent for an order at any time before or during the taking of the deposition.

■ Accordingly, I rule that the failures of Elizabeth Garabedian and Varoujian Garabedian to appear for their depositions were a violation of the respective subpoenas served upon them and that there was no valid excuse for their failure to appear. Although plaintiff does not seek the imposition of the sanction of contempt, failure to appear can result in a prosecution of a non-party-deponent for contempt. *See* Rule 45(f), Fed.R.Civ.P.

In paragraph 1 of its motion, plaintiff moves for an order compelling the deponents to attend their depositions and to

answer questions. The relief sought in paragraph 1 is ALLOWED. Pursuant to Rule 37(a)(2), Fed.R.Civ.P., Elizabeth Garabedian and Varoujian Garabedian are ORDERED to appear upon notice of a re-scheduled date and time at the offices of Gallagher & Gallagher, One Constitution Place, Boston, Massachusetts 02129 for the purpose of their giving deposition testimony. Since I have this date overruled their objections to that part of the subpoenas which call for production of documents at the deposition, the deponents shall produce the requested documents at the time of the deposition.

█ In paragraph 3 of the motion, plaintiff seeks an award of costs. Rule 37(a)(4), Fed.R.Civ.P., provides for an award of costs but only those costs, including reasonable attorney's fees, incurred in obtaining the within order compelling discovery. I see no basis in the rules for requiring a non-party to pay the costs incurred by reason of a non-party-deponent's failure to appear for a deposition. The situation is different in the case of a party-deponent. *See* Rule 37(d), Fed.R.Civ.P. incorporating Rule 37(b), Fed.R.Civ.P.

█ But the costs, including reasonable attorney's fees, incurred in obtaining an order compelling a non-party-deponent to appear for a deposition when the non-party has failed to do so are recoverable pursuant to Rule 37(a)(4), Fed.R.Civ.P. *Pennwalt Corporation v. Durand–Wayland, Inc.,* 708 F.2d 492, 494, footnote 4 (9 Cir., 1983).

Accordingly, the plaintiff may file and serve on counsel for the non-party-deponents, *on or before the close of business on Friday, March 30, 1990,* an itemization of costs, including reasonable attorney's fees, incurred in obtaining the within Order. If the non-party-deponents object to the award of costs and/or the amount claimed and/or seek a hearing pursuant to Rule 37(a)(4), Fed.R.Civ.P., they shall, *on or before the close of business on Friday, April 13, 1990,* file and serve their opposition and/or objections and/or request for hearing.

In paragraph 2 of the motion, the plaintiff seeks an order staying action on a certain motion pending the taking of the depositions. The relief requested in paragraph 2 is DENIED. The pending motion will not be acted upon until after a scheduled hearing on April 19, 1990. The plaintiff is free to re-schedule the deposition of Elizabeth Garabedian and Varoujian Garabedian forthwith in order to question the deponents and to receive the documents in advance of April 19th.

SO ORDERED.