See also 909 F.2d 1452.

**Carl CARTER, Frank Percina, William E. Dunn, Donald Honaker, Carolyn Hudson, Clara Morrison, Charlene Limenih and Similarly Situated Unnamed Plaintiffs, Plaintiffs–Appellants,**

v.

**Lawrence GIBBS, James A. Baker III and The United States of America, Defendants–Appellees.**

No. 88–1576.

United States Court of Appeals, Federal Circuit.

March 30, 1990.

Gregory O'Duden, Director of Litigation, Nat. Treasury Employees Union, Washington, D.C., for plaintiffs-appellants. With him on the brief were Clinton Wolcott, Asst. Counsel, Lucinda A. Riley, Asst. Counsel and Kerry L. Adams, Asst. Director of Litigation. Michele L. Rusen, of Nat. Treasury Employees Union, of counsel.

Robert A. Reutershan, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for defendants-appellees. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Jane W. Vanneman, Atty., of counsel.

Before MARKEY, Chief Judge, RICH, NIES, NEWMAN, ARCHER, MAYER, MICHEL and PLAGER, Circuit Judges, and FRIEDMAN, Senior Circuit Judge.

## ORDER

MAYER, Circuit Judge.

There is no merit to the government's motion to strike appellants' brief in response to the government's suggestion for rehearing in banc on the ground that an internal Department of Justice memorandum appended to it contains matter protected by the attorney-client privilege. Apparently, the government inadvertently appended the memorandum to appellants' copy of an earlier government motion for an extension of time to file a petition for rehearing. Written by the Acting Assistant Attorney General for the Civil Division and intended for the Solicitor General, the memorandum does not betray *any* communications between the client (the IRS or the Department of Treasury) and the attorney (the Justice Department). Because the privilege only protects communications made in confidence by clients to their lawyers for the purpose of obtaining legal advice, it is inapplicable here. *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 745 (Fed.Cir.1987).

At best, the memorandum contains information protectable under the attorney work product doctrine, a "privilege" related to but distinct from the attorney-client privilege which the government presses here. *Hickman v. Taylor*, 329 U.S. 495, 508–14, 67 S.Ct. 385, 392–95, 91 L.Ed. 451 (1947); *see In re Sealed Case*, 676 F.2d 793, 808 (D.C.Cir.1982). Differences relevant here include who holds the privilege—the work product privilege belongs to both attorney and client, *see In re Sealed Case*, 676 F.2d at 812 n. 75, while the attorney-client privilege belongs to the client alone, *American Standard*, 828 F.2d at 745—and what type of disclosure constitutes a waiver. The attorney-client privilege evaporates upon any voluntary disclosure of confidential information to a third party; the purpose of the work product privilege is not in all cases frustrated by a similar disclosure. *See United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1298 (D.C.Cir.1980).

That purpose is to prevent the disclosure of an attorney's mental impressions and thought processes either to an opponent in the litigation for which the attorney generated and recorded those impressions, *see Hickman*, 329 U.S. at 510–11, 67 S.Ct. at 393–94, or to a third party with interests not "common" to those of the party asserting the privilege. *See American Tel. & Tel. Co.*, 642 F.2d at 1298. Originally fashioned as a shield protecting an attorney's "work product" from overreaching civil discovery, the work product doctrine has expanded to the criminal discovery, IRS tax-investigation subpoena, and grand jury subpoena contexts. *See generally In re Sealed Case*, 676 F.2d at 11 & nn. 64–65.

Assuming the motion to strike asserts the work product as well as the attorney-client privilege, we believe the government has waived the former by voluntarily attaching a copy of the offending memorandum to appellants' copy of the motion for an extension of time. *See United States v. Nobles*, 422 U.S. 225, 239, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975). It is irrelevant whether the attachment was inadvertent, as the government alleges. Voluntary disclosure of attorney work product to an adversary in the litigation for which the attorney produced that information defeats the policy underlying the privilege; in these circumstances, the criteria for waiver of the work product and attorney client privileges are equivalent. *See American Tel. & Tel. Co.*, 642 F.2d at 1299; *see also Transamerica Computer Co. v. International Bus. Mach. Corp.*, 573 F.2d 646, 647 n. 1 (9th Cir.1978). Granting the motion would do no more than seal the bag from which the cat has already escaped.

Accordingly, it is ORDERED that the motion to strike is DENIED.

PAULINE NEWMAN, Circuit Judge, concurs in the result.