UNITED STATES of America, Plaintiff,

v.

WESTERN ELECTRIC COMPANY, INC., et al., Defendants.

Civ. A. No. 82–0192 (HHG).

United States District Court, District of Columbia.

Aug. 1, 1990.

Constance K. Robinson, Director, AT & T Task Force, George S. Baranko, Laury E. Bobbish, J. Phillip Sauntry, Kenneth W. Gaul, Attys., Antitrust Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Howard Adler, Jr., Davis, Graham & Stubbs, Washington, D.C., Dan K. Webb, Winston & Strawn, Chicago, Ill., for U.S. West, Inc.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

On August 12, 1986, the Department of Justice moved in accordance with Section VI of the decree in *United States v. American Tel. & Tel. Co.*, 552 F.Supp. 131 (D.D.C.1982), *aff'd mem. sub nom. Maryland v. United States*, 460 U.S. 1001, 103 S.Ct. 1240, 75 L.Ed.2d 472 (1983), and Rule 37(a), Fed.R.Civ.P., for an order directing US West, Inc., to comply with a written request of the Assistant Attorney General in charge of the Antitrust Division for the production of documents and directing US West to permit its employees to testify on matters relating to a Department investigation into US West's sale of switching services to the General Services Administration (GSA). In response to this request, US West, in the fall of 1988 withheld hundreds of documents on claims of attorney-client privilege or the work product privilege. Thereafter, and since then, US West has engaged in a calculated effort to delay compliance with the Department's request by a variety of tactics, in the main related to claims of privilege.

Thus, US West initially failed to provide essential information necessary for a determination of privilege. When the Department requested further data, US West again failed to cooperate even in a minimal-

ly appropriate manner. In response to a third request, the company indicated that some documents, initially withheld from production on the basis of privilege, were not responsive to the request; thereafter it claimed that a number of allegedly privileged documents had been lost; and it then decided that with respect to a number of other documents the claims of privilege had been inappropriately made. Next, US West asserted privilege with respect to documents in the possession of a former employee who had left that employ almost a year earlier. At about the same time, when some documents were released, it became apparent that there never had been a basis for the claims of privilege,[1] and that others were released at the same time that US West was still claiming privilege with respect to them.

In July 1989 the Department tried again: it submitted to US West a detailed summary showing the deficiencies for each document, and after further lengthy negotiations US West indicated that it would withdraw some of its privilege claims. At the same time, when the Department suggested that US West's production of documents constituted a waiver of the privilege for these documents and communications relating to the same subject matter, US West responded by asserting that Department attorneys were not authorized to inquire about the privileged communications in documents merely because the Department received arguably privileged documents. Furthermore, when the Department began to depose current US West employees, the company asserted attorney-client privilege on a broad scale and instructed witnesses not to answer even though the information had already been disclosed in substantial part in other documents or testimony. Finally, in January 1990, Department attor-

neys met with US West counsel, narrowing its document demand to 108 documents. US West responded by withdrawing its privilege claims for all or portions of twenty-three of these documents.

It is inescapable from this almost three-year history that US West has been engaged in a systematic and calculated effort to frustrate the Department's legitimate demands for information, frequently by patently frivolous and usually dilatory maneuvers. Indeed, in many respects, US West's legal basis for withholding documents or objecting to testimony was entirely without legal foundation, factual basis, or both.

On the basis of the record thus far, the Court would be fully justified in rejecting summarily US West's claims of privilege and ordering the forthwith production of all the 108 documents to which the Department's current demand has been reduced. *Lundy v. Interfirst Corp.*, 105 F.R.D. 499, 505 (D.D.C.1985). However, the Court will make an effort to avoid this result by the following two-step procedure.

■ First. To the extent that US West has inadvertently or deliberately disclosed attorney-client communications, it has waived attorney-client privilege as to all communications on the subject covered by these communications. *In re Sealed Case*, 877 F.2d 976, 980–81 (D.C.Cir.1989).[2] It is not disputed that US West has disclosed attorney-client communications on four subjects:

(1) its conclusion that charging AT & T and GSA different rates for off-net access was not discrimination

(2) charges for facilities between tandem and local switches in the DAPS cities

(3) the application of FCC-required special access surcharges to privatelines

---

1. In one instance, for example, US West asserted attorney-client privilege as to notes regarding a meeting between certain US West employees and company attorneys. Govt. Exh. L. These notes indicate only that there was a meeting and the names of the employees who attended; they do not describe or even mention what was said. Attorney-client privilege, needless to say, protects only communications and not the existence of an attorney-client relationship.

2. Defendant's dismissal of the decision in that case as dicta suggests both the frivolous nature of its position, inasmuch as even a quick reading of *In re Sealed Case* reveals that this is not so. Equally meritless is the company's suggestion that this Court is free to ignore the teachings of the Court of Appeals for this Circuit in favor of those of other appellate and district courts.

used in conjunction with its switching services

(4) charges for facilities between tandem and local switches in Seattle.

Accordingly, the Court holds that US West has waived attorney-client privilege as to any and all communications addressing those topics, in whole or in part. *See id.*[3] US West's claims as to the scope of the waiver are without support in this Circuit and, in any event, the disclosures, in the aggregate, were sufficiently significant to constitute a waiver of each of these subjects.

■ The work product privilege is also waived when the party claiming the privilege seeks to use it in a way that is not consistent with the purpose of the privilege. *Chubb Integrated Sys. v. National Bank of Washington*, 103 F.R.D. 52, 63–64 n. 3 (D.D.C.1984). US West has previously released a number of work product documents providing the same version of events as its counsel proffered at deposition regarding the pricing plan. Since the company has placed its counsel's actions at issue by claiming good faith reliance and by disclosing his conclusion on the legality of charging different rates for off-net access, it is precluded from asserting privilege as to any documents which undermine the claim of good faith reliance while producing work product that support this claim.[4]

Accordingly, it is this 1st day of August, 1990

ORDERED that all the documents in these categories shall be produced to the Department of Justice without any privilege, within twenty days hereof.

Second. As for the remaining documents, the Court expects counsel for the parties to meet once more to discuss and attempt to come to an agreement with respect to these documents, and to advise the Court regarding the results within thirty days hereof. In the event that disagreements remain, the Court will place the burden of explanation on US West in view of its past indefensible dilatory conduct. Accordingly, with respect to any documents to which privilege is still asserted, an affidavit shall be filed within forty-five days of this Order, subscribed to personally by US West's General Counsel averring that privilege properly exists and why. *Resident Advisory Board v. Rizzo*, 97 F.R.D. 749, 754–55 (D.Pa.1983).

■ For purposes of these assertions of privilege the Court rules that privilege is not available unless US West identifies the authors, dates of preparation, and subject matter of the documents, as well as facts establishing each element of the privilege claim.[5] A conclusory assertion that an element is present will be insufficient. *United States v. Covington & Burling*, 430 F.Supp. 1117, 1122 (D.D.C.1977). If necessary, US West shall present facts beyond those contained in the document to establish the existence of a privilege, *United States v. AT & T*, 86 F.R.D. 603, 604 (D.D.C.1979), and a mere showing that a particular communication was from client to attorney will be deemed insufficient. *Id.* Finally, the communication must have been "reasonably believed to be necessary to the decision-making process concerning a problem on which legal advice was sought." *In re Ampicillin Antitrust Litigation*, 81 F.R.D. 377, 385 (D.D.C.1978); *Covington & Burling, supra*, 430 F.Supp. at 1121.

It is so Ordered.

---

**3.** "If a client wishes to preserve the privilege, it must treat the confidentiality of attorney-client communications like jewels—if not crown jewels." *Id.* at 980.

**4.** US West asserts that it has not purposely disclosed any work product documents. However, three of the documents US West produced gave clear warnings on their face that they were privileged. There is no merit to the company's claim that disclosure was inadvertent.

**5.** US West's privilege claims are rife with conclusory recitations of the legal elements, devoid of the requisite degree of factual support. *See, e.g.,* DOJ # 000006 ("[d]ocument reveals confidential client communications made to attorney for purpose of obtaining legal advice on behalf of the corporation"); DOJ # 0000060 ("[n]otes by counsel recording confidential information received by client for the purpose of providing legal advice"); DOJ # 000140 ("[m]emorandum from counsel to client providing legal advice and requesting further information on which to base legal advice").