**FEDERAL DEPOSIT INSURANCE CORPORATION** by substitution for New Bank of New England, **Plaintiff,**

v.

**Pritam SINGH, Ronald Nishimura, Roger Kringen, and John Telling, Defendants.**

Civ. No. 91–0057–P–C.

United States District Court,
D. Maine.

Jan. 10, 1992.

Mary Ann E. Rousseau, Thomas A. Cox, Friedman & Babcock, Portland, Me., for plaintiff FDIC.

Allan J. Hrycay, Reef, Jordan & Hrycay, Portland, Me., for defendant Pritam Singh.

John S. Whitman, Richardson & Troubh, Portland, Me., for defendants Ronald Nishimura, Roger Kringen and John Telling.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

GENE CARTER, Chief Judge.

This matter is before the Court on Defendants' November 27, 1991 motion to compel Plaintiff to produce a document dated September 27, 1990. Plaintiff claims that the document is protected by attorney-client privilege and work product immunity. Defendants contend that: (1) the privilege was waived; (2) the document is not work product; (3) if it is work product, the immunity was waived; and (4) failure of Plaintiff to produce the document creates a hardship justifying denial of any work product immunity. The document sought is a four-page internal bank memorandum written by John C. Thibodeau, a controlled loan officer of Bank of New England.[1] Affidavit of Gary D. Vogel ("Vogel Affidavit") ¶ 7. In the memorandum Thibodeau summarizes a conversation he had with counsel Matthew Kameron, who represented the bank in a loan transaction with Defendants. *Id.* ¶ 8.

In preparation for discovery, Plaintiff's counsel, Mary Ann E. Rousseau, removed all copies of the Thibodeau memorandum from the records being made available to Defendants. Affidavit of Mary Ann E. Rousseau in Support of Plaintiff's Objection to Defendant's Motion to Compel Production of Document ("Rousseau Affidavit") ¶¶ 5–6. Rousseau presented a copy of the memorandum to Plaintiff's counsel, Thomas Cox, who made notes on a fax cover sheet affixed to it. *Id.* ¶ 7. A portion of the memorandum was also highlighted. *Id.* The document was then given

---

1. Plaintiff asserts a privilege as receiver for     Bank of New England.

to Cox's secretary who faxed it to the vice president of the New Bank of New England. *Id.* Thereafter, while reviewing discovery documents at Rousseau's office, Defendants' counsel, Gary D. Vogel, found, read, and requested a copy of the Thibodeau memorandum. Vogel Affidavit ¶¶ 6–7, 9. Several days later, upon discovering the disclosure of the memorandum, Cox wrote Vogel that Plaintiff would not produce the document because it was protected by attorney-client privilege and work product immunity and had been disclosed only inadvertently. *Id.* ¶ 14; Exh. D to Vogel Affidavit; Rousseau Affidavit ¶ 12.

### Attorney–Client Privilege

■ Defendants acknowledge that the memorandum is a privileged communication between attorney and client. Memorandum of Law in Support of Motion to Compel Production of Document at 1 n. 1. However, they contend that Plaintiff waived this privilege when it inadvertently produced the document for Defendants' counsel to read. *Id.* at 1–4. Plaintiff responds that Defendants' counsel merely inspected and did not receive physical possession of the document, that it took reasonable precautions to prevent the disclosure, and that the disclosure was unintentional and, therefore, did not constitute waiver. Memorandum of Law of Plaintiff Federal Deposit Insurance Corporation in Support of Its Objection to Defendants' Motion to Compel Production of Document ("Plaintiff's Memorandum") at 2–8.

Whether inadvertent disclosure of a privileged document constitutes waiver is a question of first impression for the Court. Other courts have resolved the issue in one of three ways. One line of decisions holds that inadvertent disclosure can never be a waiver because privilege can only be waived intentionally. *E.g., Mendenhall v. Barber–Greene Co.*, 531 F.Supp. 951 (N.D.Ill.1982). A second line of decisions holds that unintentional disclosure constitutes waiver only if the party asserting the privilege failed to take reasonable precau-

tions to prevent such an occurrence or special circumstances make waiver an unjust result. *E.g., Transamerica Computer v. International Business Machines*, 573 F.2d 646 (9th Cir.1978); *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103 (S.D.N.Y.1985). In a third line of cases, the courts held that inadvertent disclosure constitutes waiver because the privilege applies only to confidential communications and after disclosure the information cannot be deemed confidential regardless of the party's intentions. *E.g., In re Sealed Case*, 877 F.2d 976 (D.C.Cir. 1989); *International Digital Systems Corp. v. Digital Equipment Corp.*, 120 F.R.D. 445 (D.Mass.1988).

The third line of cases is convincing. The purpose of the privilege is to protect the confidences of clients so they may freely discuss their legal concerns with counsel. 4 Moore's Federal Practice ¶ 26.60[2], at 26–189–90 (2d ed. 1991). However, when a document is disclosed, even inadvertently, it is no longer held in confidence despite the intentions of the party and thus, "the privilege is lost 'even if the disclosure is inadvertent.'" *In re Sealed Case*, 877 F.2d at 980 (quoting *In re Grand Jury Proceedings*, 727 F.2d 1352, 1356 (4th Cir. 1984)) (citations omitted). Once persons not within the ambit of the confidential relationship have knowledge of the communication, that knowledge cannot be undone. One cannot "unring" a bell. "The courts will grant no greater protection to those who assert the privilege than their own precautions warrant."[2] *Id.* Therefore, although Plaintiff produced the memorandum inadvertently, it waived its privilege in the document when opposing counsel reviewed it.

### Work Product Immunity

■ Plaintiff argues that the memorandum is protected by work product immunity because Plaintiff's counsel highlighted a portion of the memorandum and made notes on a fax cover sheet affixed to the

---

**2.** Even an analysis under the second line of cases favors waiver in this case. Plaintiff has presented no evidence that any precautions

whatsoever were taken to ensure the confidentiality of the memorandum once it was given to the secretary for the purpose of faxing it.

front of the copy that Vogel reviewed and because it did not waive immunity through inadvertent disclosure. Rousseau Affidavit ¶ 7; Plaintiff's Memorandum at 8–9. Defendants contend that the memorandum was not work product and did not become so simply because Plaintiff's counsel highlighted portions or attached his notes to it. Defendants' Reply Memorandum to Objection of Plaintiff to Defendants' Motion to Compel Production of Document at 6. They further argue that even if it is work product, the immunity was waived by the disclosure or, alternatively, that their need for the document constitutes a hardship necessitating production. *Id.* at 6–7.

A document constitutes work product when it is prepared in anticipation of litigation. *See In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007 (1st Cir.1988) (citing *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Plaintiff does not argue that the memorandum itself is work product but that it was transformed into work product when Cox highlighted it and attached notes to it. If this were true, then any document could be similarly amended so as to thwart discovery. Although Cox's attached notes and highlighting on the memorandum itself are not subject to discovery, the memorandum is.

The Court, finding no privilege and no immunity, GRANTS Defendants' motion to compel and ORDERS Plaintiff to produce a copy of the Thibodeau memorandum, without the attorney's additions to the document, on or before January 17, 1992.