**TUTOR–SALIBA CORPORATION,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 92–581C.

United States Court of Federal Claims.

Dec. 13, 1993.

Law Offices of Nomi L. Castle, Los Angeles, CA, for plaintiff.

Harold D. Lester, Jr., Commercial Litigation Branch, Civil Div., Dept. of Justice, Washington, DC, for defendant.

*Order*

WEINSTEIN, Judge.

Thorpe Insulation Company ("Thorpe"), a non-party to this litigation, has moved to quash part of a subpoena duces tecum served upon it.[1] The motion, which is opposed by defendant, is denied.

On August 30, 1993, Thorpe, one of the subcontractors on the project that is the subject of this litigation, received a subpoena duces tecum from defendant. Item 12(e) of the subpoena sought production of Thorpe's year-end financial statements for the years 1987 to 1992. On October 5, defendant was allowed to review and mark for photocopying Thorpe's records from the project. Included in the documents reviewed and marked were the company's year-end financial statements for the years 1987 to 1992.

Thorpe did not forward photocopies of those statements. Instead, on November 5, Thorpe moved to quash item 12(e) of the subpoena on the grounds that "Thorpe's year-end statements have no relevance to this litigation. They are highly confidential. Their production in a lawsuit, the records of which are available to the public, could produce serious competitive injury to Thorpe." Motion to Quash Item 12(e) of Subpoena

Duces Tecum Dated August 27, 1993, Addressed to Thorpe Insulation Company, at 2.

Subpoenas are governed by Rule 45 of the Rules of the United States Court of Federal Claims (RCFC),[2] which provides

[A] person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.

RCFC 45(c)(2)(B). A subpoena requiring disclosure of privileged matter shall be quashed "[o]n timely motion." RCFC 45(c)(3)(A).

Rule 45(c)(2) implicitly requires that a motion to quash a subpoena be filed within fourteen days of service, and the rule 45(c)(3) timeliness requirement appears to refer to that period. The most reasonable construction of the rule is to read these two sections together; thus, motions to quash must be filed within fourteen days of service. *In re Ecam Publications, Inc.*, 131 Br. 556, 558 n. 1 (Bankr.S.D.N.Y.1991); *but see Winchester Capital Management Co. v. Manufacturers Hanover Trust Co.*, 144 F.R.D. 170, 176 (D.Mass.1992) (attorney-client privilege may be raised at time of compliance, even if such time is more than fourteen days after service).[3] In other words, a motion to quash a subpoena is a Rule 45(c)(2) "written objection to inspection or copying." Consequently, Thorpe's motion shall be denied as untimely. *See Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir.1990); *Burroughs Corp. v. Dataware Sources, Inc.*, 7 Fed.R.Serv.3d (Calla-

---

1. On December 7, 1993, the parties filed a proposed protective order governing, *inter alia*, defendant's access to the subcontractors' records. That does not moot this motion, however, for the parties lack standing to waive Thorpe's objection to production of its records. *See, e.g., Diamantis v. Milton Bradley Co.*, 772 F.2d 3, 4–5 (1st Cir. 1985).

2. The motion to quash states that it is brought under Rules 34 and 35, but those rules only govern discovery sought from a party. RCFC 34(c); *see, e.g., Home Ins. Co. v. First Nat'l Bank*, 89 F.R.D. 485, 488 (N.D.Ga.1980); 4A James W.

Moore et al., *Moore's Federal Practice* ¶ 34.22 (1993).

3. There are, as yet, few decisions interpreting the timeliness requirement, because this language went into effect December 1, 1991. Fed.R.Civ.P. 45 advisory committee's note. The new language was incorporated into the RCFC on March 15, 1992. The old rule expressly made a motion to quash due within ten days of service, or at the time set for compliance, whichever was sooner. *See Aetna Cas. & Sur. Co. v. Rodco Autobody*, 130 F.R.D. 2, 3 (D.Mass.1990).

ghan) 346, 347–48, 1987 WL 10190 (D.Mass. 1987); *Yamhill Yamaha, Inc. v. Yamaha Motor Corp., U.S.A.,* 6 Fed.R.Serv.3d (Callaghan) 251, 253–54, 1986 WL 460 (D.Or.1986).

▆▆▆ Moreover, any privilege that may have inhered in the statements was waived when Thorpe allowed defendant to inspect them. *Carter v. Gibbs,* 909 F.2d 1450, 1451 (Fed.Cir.1990); *Liggett Group v. Brown & Williamson Tobacco Corp.,* 116 F.R.D. 205, 207 (M.D.N.C.1986) ("Ordinarily, documents produced by a party in litigation may not be 'recalled' by a later claim of privilege, since any claim of privilege is generally waived by production...."). Privilege is waived when documents are made available for inspection, even if photocopies are not to be delivered until a later date. *See FDIC v. Singh,* 140 F.R.D. 252, 253 (D.Me.1992).

Finally, the relevance objection appears to be without merit, since overhead damages incurred by Thorpe, as plaintiff's subcontractor, have been claimed by plaintiff in this case.

## Conclusion

For the reasons stated above, Thorpe's motion to quash item 12(e) of the subpoena duces tecum is denied.