TRANSPORTATION EQUIPMENT
SALES CORP., Plaintiff,

v.

BMY WHEELED VEHICLES,
etc., Defendant.

No. 3:95CV7260.

United States District Court,
N.D. Ohio,
Western Division.

June 17, 1996.

Teresa L. Grigsby, Theodore M. Rowen, Spengler & Nathanson, Toledo, OH, for plaintiff.

Charles J. Kurtz, III, Porter, Wright, Morris & Arthur, Columbus, OH, for defendants.

Order

CARR, District Judge.

Pending in this cause is a motion by the defendant for an order directing the plaintiff's counsel to return a document that was inadvertently provided to the plaintiff's counsel during pretrial discovery. For the reasons that follow, the motion shall be granted.

The defendant claims that the document is protected by the attorney-client privilege. A duplicate of the document was, according to the defendant, redacted, and produced: thus, there can be no contention that the document's disclosure was in any way willful, or resulted from anything other than oversight and mistake on the part of defendant's counsel.

To be sure, many cases hold that "inadvertent disclosure may waive the privilege." *Hartford Fire Ins. Co. v. Garvey,* 109 F.R.D. 323, 329 (N.D.Cal.1985). *Accord, In re Sealed Case,* 877 F.2d 976, 980 (D.C.Cir. 1989); *Federal Deposit Ins. Corp. v. Singh,* 140 F.R.D. 252, 253 (D.Me.1992); *United States v. Western Electric Co.,* 132 F.R.D. 1, 2 (D.D.C.1990). The Sixth Circuit, however, appears to have no binding precedent. *See* Roberta Harding, *Waiver: A Comprehensive Analysis of a Consequence of Inadvertently Producing Documents Protected by the Attorney–Client Privilege,* 42 Catholic Law Review 465 (1993).

This waiver approach has the virtues of simplicity and ease of application. Weighing against those virtues—and they are the only virtues that I can perceive—is the likelihood that this approach will foster and condone sharp practice, distrust, and animosity among lawyers—none of which does anything to accomplish justice fairly and expeditiously. In addition, such approach encourages, in the

party to whom inadvertent disclosure is made, incaution where care should be taken.

■ In view of these consequences, I concur in the position of the American Bar Association, that, "where it is clear that [disclosed materials] were not intended for the receiving lawyer, [the recipient] should refrain from examining the materials, notify the sending lawyer and abide by the instructions of the lawyer who sent them." ABA Comm. on Ethics and Professional Responsibility, Form Op. 368 (1992)("Inadvertent Disclosure of Confidential Materials"). *Accord, Milford Power Ltd. Partnership v. New England Power Co.,* 896 F.Supp. 53, 57 (D.Mass. 1995); *Resolution Trust Corp. v. First of America Bank,* 868 F.Supp. 217, 219, 220 (W.D.Mich.1994) (ordering destruction of inadvertently disclosed document plus all copies and "all notes relating to" it). Counsel for the plaintiff having chosen not to take this better, and more ethical approach, I must fashion a remedy that avoids prejudice to the defendant and deters others from following the ill-advised path pursued by plaintiff's counsel after the document came into his hands.

The defendant asks simply for return of the document and an order prohibiting plaintiff "from capitalizing on the inadvertent production of this document." (Doc. 36 at 5). The defendant's proposed remedy does not go far enough either to protect its interests or to prevent similar indifference to proper conduct by counsel in other cases before this Court.

■ Thus, in addition to immediate return of the document to defendant's counsel and avoidance of any further use of the document or any information gained as a result of its disclosure, plaintiff's counsel shall, within two weeks of the date of this order, certify that:

1. A diligent, good faith search has been undertaken to identify all persons to whom the document was made available, either in original, duplicate, or summary form, or who otherwise have become aware of its contents; and

2. All such persons have been given a copy of this Order, and instructed by plaintiff's counsel to deliver all copies of the document and any additional documents containing direct or indirect reference to the document to said counsel, who shall file all such materials under seal with this Court.

Plaintiff's counsel shall, likewise within two weeks, also file under seal with the Court:

1. A list of all persons whose identities were learned as a result of the search to be undertaken in accordance with this Order; that list shall state the person's identity, relationship to plaintiff or its counsel, and the date(s) of and purpose(s) for disclosure of the document to that person; and

2. A description of the steps taken to ensure that no improper use of the information learned as a result of the inadvertent disclosure of the document can or will be made during the course of this litigation.

The list and description shall remain under seal until the defendant, on a showing of cause to believe that improper use has been made by the plaintiff or its counsel of the inadvertently disclosed document or information gained as a result of its disclosure, files a motion for disclosure of the sealed material in whole or part. No unsealing shall occur without notice to the plaintiff and an opportunity for it to be heard.

To guard further against continuing disclosure or misuse of the information gained thus far as a result of past disclosure of the document, all persons to whom a copy of this Order is delivered shall be ordered to refrain from disclosure or use of the information they have gained as a result of disclosure to them of the document or the information contained therein.

Willful or deliberate noncompliance with the terms, conditions, and requirements of this Order shall subject the persons responsible for such noncompliance to the customary sanctions; in addition, noncompliance with this Order by any person affiliated with the plaintiff may lead to dismissal with prejudice of the plaintiff's complaint and an award of attorneys' fees and costs to the defendant.

It is, therefore,

ORDERED THAT:

1. Counsel for the plaintiff shall forthwith return the document that is the subject of this Order to counsel for the defendant; and otherwise comply with the terms, conditions and requirements of this Order; and

2. All persons receiving a copy of this Order shall neither disclose nor use any information obtained by them as a result of the inadvertent disclosure of the document by counsel for the defendant to counsel for the plaintiff.

So ordered.