**William E. BUEKER, Plaintiff,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Delaware Corporation, Young's Luxury Limousine Service and Harold Young, Individually, Defendants.**

No. 96 C 6912.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 19, 1997.

Thomas M. Flaskamp, Yaeger, Jungbauer, Barczak & Roe, Ltd., Minneapolis, MN, John J. Kiely, Chicago, IL, John S. Bishop, Jr., Chicago, IL, for Plaintiff.

John F. Newell, Kenneth John Wysoglad, Robert John Prendergast, Michael J. Sazdanoff, Kenneth J. Wysoglad & Associates, Chicago, IL, for Defendant Atchison, Topeka and Sante Fe Ry. Co.

Paul Vincent Kaulas, Mark E. Parsky, Purcell & Wardrope, Chtd., Chicago, IL, for Cross–Claimants Young's Luxury Limousine Service and Harold Young.

## MEMORANDUM DECISION

LEFKOW, United States Magistrate Judge.

Defendants, Young's Luxury Limousine Service and Harold Young (collectively, "Young"), have moved pursuant to Fed. R.Civ.P. Rule 37 for an order compelling Dr. George Schoedinger of St. Louis, Missouri to appear in Chicago, Illinois for the continuation of his deposition. The following facts are pertinent to the resolution of this discovery dispute.

After being injured in a motor vehicle accident, plaintiff, William Bueker, a resident of Ft. Madison, Iowa, was treated by Dr. Schoedinger in St. Louis, Missouri where Dr. Schoedinger maintains his practice. Subsequently, Bueker initiated this suit against Young, as well as the Atchison, Topeka & Santa Fe Railway ("ATSF"), to recover for the damages he sustained as a result of his injuries. In response to interrogatories propounded by Young, Bueker identified Dr. Schoedinger as his primary treating physician and further listed Dr. Schoedinger's name in response to an interrogatory asking plaintiff to identify any witness who might offer expert testimony at trial.

The parties and Dr. Schoedinger agreed to depose Dr. Schoedinger on April 25, 1997 at his office in St. Louis, Missouri. No subpoena compelling his appearance was issued. Although the record does not directly indicate who requested the deposition or whether a notice of deposition was issued, it is presumed that the deposition was held at

Young's request.[1] Counsel for Young and counsel for ATSF attended the scheduled deposition in person and plaintiff's counsel attended by telephone. Approximately ten minutes after the deposition began, a brief, albeit heated, exchange took place between Dr. Schoedinger and Young's counsel over whether and when the doctor was entitled to see a copy of a deposition transcript being used to impeach him. As part of this exchange, the following was stated:

> Dr.: I believe we're going to terminate the deposition.
>
> [attorney colloquy omitted]
>
> Would you like to have me throw you out of this building personally?
>
> Atty: I sure would.
>
> Dr.: Good. Let's go do it.

The doctor then escorted Young's counsel out of his office and the deposition terminated. After unsuccessfully attempting to obtain an agreement to complete Dr. Schoedinger's deposition in Chicago, Young filed this motion for relief under Fed.R.Civ.P. 37. Young claims that Dr. Schoedinger violated Rule 37(a) by improperly refusing to answer questions and depriving defendants of the opportunity to take the remainder of his deposition. Plaintiff opposes the motion contending that under Rule 37, applications for orders directing nonparties to comply with discovery must be made to the court in the district where the discovery is being taken, i.e., the federal district court which encompasses St. Louis, Missouri. Young responds that Rule 37 also permits the discovering party to seek an order from the district court where the discovery is to be taken. Because Young is seeking to redepose Dr. Schoedinger here, Young maintains that this court has jurisdiction to rule on the pending motion.

 Rule 37 of the Federal Rules of Civil Procedure authorizes litigants to seek orders to compel compliance with discovery requests or to impose sanctions for noncompliance with such requests. Implicit in the rule, however, is the presumption that the court has jurisdiction over the party from whom discovery is sought. When, as here, a prospective deponent is not a party to the litigation, the proper procedure for obtaining the jurisdiction necessary to compel attendance is the issuance of a subpoena pursuant to Federal Rule of Civil Procedure 45. *See Central States, Southeast and Southwest Areas Pension Fund v. J.W. Cartage Co.*, 1994 WL 416978, at *2–3 (N.D.Ill. Aug. 8, 1994)("Subpoenas are the time-honored method of securing attendance of non-parties").

 Here, there is no dispute that Young proceeded with Dr. Schoedinger's deposition without following the formal procedures necessary to compel the doctor's attendance. Instead, Dr. Schoedinger's attendance at his deposition in St. Louis was based entirely upon his consent to be there. As a result, even though Dr. Schoedinger's conduct during the deposition was, to say the least, dismaying, it is apparent that he was under no legal obligation to continue with his deposition once he withdrew his consent. There is no suggestion in the record that a subpoena has yet been issued to Dr. Schoedinger. Absent such process, the court is without means to compel his deposition in any locale.[2]

Although Young argues that Rule 37 applies to depositions where the parties agree to forego formal process, Young's authority for this proposition is inapposite. *See Nemmers v. United States*, 681 F.Supp. 567, 583 (C.D.Ill.1988). There the court granted a motion for sanctions against the defendant, not the nonparty witness, due to the defendant's misconduct in failing to inform the plaintiff that if the deposition of the defendant's expert proceeded as scheduled, the expert would be unprepared to provide any meaningful answers to the plaintiff's questions. Whether the expert appeared pursuant to consent or subpoena and whether the expert could have terminated the deposition simply was not at issue. Young's reliance on *Aetna Casualty and Surety Co. v. Rodco Autobody*, 130 F.R.D. 2, 3 (D.Mass.1990), is

---

1. The court makes this assumption solely from the fact that counsel for Young was the first to question the witness.

2. It would appear, however, that Rule 45 may require that the deposition proceed in Missouri. *See* Fed.R.Civ.P. 45(c)(3)(A)(ii).

also unpersuasive. In *Aetna*, the nonparty witnesses had been served with Rule 45 subpoenas.

In sum, while the court does not condone Dr. Schoedinger's conduct, it is presently without power to compel Dr. Schoedinger to appear in Chicago for a renewed deposition. This, of course, does not preclude Young from serving with Dr. Schoedinger with a subpoena in accordance with Rule 45 or from seeking further assistance of the appropriate court if the doctor should fail to comply with its terms.

## *ORDER*

For the foregoing reasons, it is hereby ordered that Young's Luxury Limousine Service and Harold Young's Motion to Compel Deposition of Plaintiff's Treating Physician/Expert, Dr. Schoedinger, in Chicago, and for Costs is denied.