**Philip VAN HULL, et al., Plaintiffs,**

v.

**MARRIOTT COURTYARD,
et al., Defendants.**

**No. 3:99CV7113.**

United States District Court,
N.D. Ohio,
Western Division.

Aug. 18, 1999.

Brian P. Barger, Brady, Coyle & Schmidt, Toledo, OH, Jack J. Brady, Brady, Coyle & Schmidt, Toledo, OH, for Plaintiffs.

John A. Borell, Office of Prosecuting Attorney, Toledo, OH, Louis J. Licata, Licata & Associates, Independence, OH, Alison Clark Little, Licata & Associates, Independence, OH, Damian Myron Rodgers, Office of Prosecuting Attorney, Toledo, OH, for Defendants.

## ORDER

CARR, District Judge.

This is a civil rights case in which the plaintiffs allege that they were wrongfully evicted from a room at the defendant Marriott Courtyard Inn and, as well, wrongfully arrested and jailed by Lucas County, Ohio, Sheriff's Deputies. Following inadvertent disclosure of notes written by the plaintiff Couture memorializing statements to him by his lawyer, the parties have been disputing the effect of such disclosure. The defendant Lucas County seeks disclosure of all other communications regarding the same subject matter; plaintiff Couture argues that neither the previously disclosed notes nor any other communications with his lawyer need be disclosed.

Following a discovery conference, other notes prepared by the plaintiff have been submitted under seal for in camera inspection.

On consideration of the issues, I conclude that I should apply my earlier decision in *Transportation Equipment Sales Corp. v. BMY Wheeled Vehicles*, 930 F.Supp. 1187 (N.D.Ohio 1996). In that case, I ruled that inadvertent disclosure of otherwise privilege materials would not result in a loss of the attorney-client privilege. Instead, I concluded that receiving counsel was required, as a matter of professional responsibility, to inform sending counsel of his receipt of the document and return it without using or disseminating it.

In this case, disclosure occurred during a deposition. Defense counsel sought, but was not permitted, to question the plaintiff about the privileged communications. Now, in addition to demanding production of the disclosed document (and an opportunity to question plaintiff about the communications, defense counsel seeks to use the inadvertently disclosed information as a wedge to gain access to other notes made

by plaintiff that disclose communications between him and his lawyer). This effort to use the inadvertently disclosed document, not only for what it says, but as a way to obtain additional communications between plaintiff and his lawyer, persuades me that my decision in *Transportation Equipment* was sensible.

In that case, only one document was at issue.[1] Here the amount of material being sought on the basis of inadvertent waiver of the privilege is only a few sets of notes. But one can readily envision a situation in which inadvertent disclosure of a single statement or document could lead to a demand to produce hundreds, if not thousands of documents on the same subject matter as that of the inadvertently disclosed document. Resolution of questions of privilege is rarely easy, *see generally United States v. Skeddle*, 989 F.Supp. 905, 909 (N.D.Ohio 1997), and the problems would be compounded were a court to be called on to apply the "same subject matter" standard to a multitude of documents.

These considerations convince me that the approach taken in *Transportation Equipment* was proper, and that that approach should be applied where the claim of waiver extends to a demand, such as that made here, to produce other documents on the same subject matter.

In light of the foregoing, it is hereby

**ORDERED THAT** the defendant's demand on plaintiff to produce an unredacted copy of the previously disclosed privileged information and, as well, copies of other documents containing privileged information on the same subject matter shall be, and hereby is, denied.

---

1. In *Transportation Equipment,* as in this case, the disclosed material was not a "smoking gun". I do not address the implications of inadvertent disclosure of a communication that is material to the outcome of the case. I suggest, however, that if receiving counsel believes that cause exists for not returning and refraining from using the inadvertently disclosed document, the better approach would be for the lawyer to submit the document under seal to the court, and ask to be allowed to show cause why the approach taken here and in *Transportation Equipment* should not be followed.