[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS
With a degree of dudgeon and vitriol that are inappropriate and regrettable in pleadings filed with the court, the parties in the above-captioned vexatious litigation case ask this court to determine the adequacy of the defendants' compliance with the plaintiffs Third Request for Production of Documents.
The plaintiff alleges that the defendants responded to its Third Request for Production of Documents (which was addressed to the defendants' defense of reliance on the advice of counsel) by providing large volumes of files and documents for plaintiff to inspect. The only defendants that have responded to the motion, Abington Limited Partnership ("Abington") and Michael Konover, estimate that Abington produced 60,000 documents in response to the plaintiffs request. Plaintiffs counsel tagged approximately four thousand of these documents for copying and now complains that the defendants failed to provide copies of forty-two of the tagged documents. Abington and Konover maintain that these documents, which were listed by Abington and Konover in a document titled "Documents Tabbed but Not Provided to Plaintiff" were inadvertently included among the approximately 60,000 documents that were produced in response to the plaintiffs request for production.
Abington and Konover assert that the forty-two documents at issue are not discoverable because they" (a) related to settlement discussion; (b) are not relevant and are not likely to lead to the discovery of admissible evidence; (c) are not responsive to the plaintiffs Third Request for Production of Documents; (d) are summaries of deposition transcripts; or e) are documents connected with the current litigation, not the road easement litigation" that the plaintiff alleges constituted vexatious litigation. (Defendants' Memorandum of Law in Oppostion to Motion to Compel and for Sanction, pp. 3-4.) CT Page 14771
Abington and Konover do not assert that any of the documents they have withheld are protected from discovery by any statutory or common law privilege.
Standard of review
Practice Book § 13-9 permits a party to inspect and copy documents requested in a request for production of documents. Practice Book §13-10(b) provides that instead of producing the requested documents, a party may, within thirty days of receipt of the document request, file objections and claim those objections for adjudication by the court. A party need not produce documents to which it has filed an objection until the objection is ruled upon. Practice Book § 13-10(b).
A party that permits access to documents without objecting in timely fashion or without obtaining an adjudication of its objection waives the objection.
A motion to compel may be granted when a party fails to comply with discovery to which it has not preserved a timely objection. Practice Book § 13-14.
May the defendants withhold documents already produced?
The essence of defendants Abington and Konover's position is that they are entitled to withhold documents even after producing them because they have determined that some of the documents they produced could have been withheld under an objection on the basis of irrelevance, scope, and the other grounds listed above. Those grounds do not include any claim that any of the documents withheld is protected from disclosure by any statutory or common law privilege.
In the limited situation in which a party has objected to production of documents on the ground of a statutory or common law privilege but inadvertently provides privileged documents to the requesting party, the courts may intervene to determine whether the privilege has been waived. Such review is undertaken in order to give effect to the public policy reasons that gave rise to the recognition of the privilege for the particular class of documents. Where the law creates a privilege, the courts will protect the right of nondisclosure if they determine that the provision of the privileged documents did not occur under circumstances that amount to a waiver of the privilege. Gundacker v. Unisys Corp.,151 F.3d 842 (8th Cir.), cert denied, 119 S.Ct. 801, 525 U.S. 1070,142 L.Ed.2d 662 (1998). But see Carter v. Gibbs, 909 F.2d 1450 (Fed. Cir. CT Page 14772 1990) (inadvertent provision to opponent of an internal Justice Department memo constituted a waiver of the work product privilege).
A party who inadvertently produces documents that are subject to a privilege, such as the attorney-client privilege or the attorney work product privilege, may assert that such inadvertent production did not constitute a waiver of the privilege. Lois Sportswear USA, Inc. v. Levi Strauss Co., 104 F.R.D. 103, 105 (S.D.N.Y. 1985), aff'd, 799 F.2d 867
(2d Cir. 1986).
In determining whether a party waived a privilege by the inadvertent disclosure, or, to state the issue another way, whether the privilege may be enforced despite the disclosure, courts consider" (1) the reasonableness of the precautions taken to prevent inadvertent disclosure, (2) the time taken to rectify the error, (3) the scope of the production, (4) the extent of the disclosure, and (5) overriding issues of fairness." In re Copper Market Antitrust Litigation, 200 F.R.D. 213, 222
(S.D.N.Y. 2001), citing Lois Sportwear USA, Inc. v. Levi Strauss Co., supra, 104 F.R.D. 103.
Where a party's precautions to avoid disclosing privileged information are lax or careless or so minimal as to manifest indifference to consequences, they may constitute a waiver of the privilege. Id.
Abington and Konover do not claim that the documents that they assert need not have been disclosed are protected from discovery by any privilege. Instead, they are in the position of filing a tardy objection to discovery of documents for which they claim no privilege but only the objections as set forth above. If Abington and Konover had sought to preserve the objections they list in their brief in opposition to the plaintiffs motion to compel, their option was to withhold the documents until adjudication of their written objections. Since they did not do so, they have waived their objection to production by actually producing the documents for inspection, and in the absence of the public policy considerations presented by the presence of a recognized privilege from disclosure, the court will not undertake an investigation whether the circumstances truly indicate a waiver. Objections as to the scope of discovery are not entitled to the same judicial protection as assertions of privilege, and waiver can result simply from failure to object and preserve the objection in the manner required by the Practice Book.
Abington and Konover assert that they told the plaintiff that they would not be producing certain categories of documents. That manner of proceeding does not satisfy the requirement of the Practice Book that a party actually file a written objection in order to preserve an objection CT Page 14773 to discovery of particular documents or categories of documents. See Practice Book § 13-10(b).
The court concludes that Abington and Konover waived any objection they might have asserted to the production of the forty-two documents at issue, and that they must provide copies of those documents to the plaintiff.
Sanctions
In addition to seeking production of the withheld documents, the plaintiff seeks sanctions. Practice Book § 13-14 allows the judicial authority discretion to "make such order as the ends of justice require," including "the award to the discovering party of the costs of the motion, including a reasonable attorney's fee." The plaintiff seeks an award of $11,580.10, which it represents to be the cost of preparing and briefing this motion, as well two additional motions. The submissions of the parties indicate to the court that the decision to withhold the documents was made by defendant Abington alone, and the court orders no sanctions against the other defendants.
While defendant Abington had no basis under the rules of civil procedure to withhold the documents at issue, the plaintiff need not have turned the event into a major piece of litigation. The court finds that the plaintiffs reasonable cost of securing compliance with its request for production of documents is $3,500.
Conclusion
Abington and Konover shall provide the plaintiff with the forty-two documents by November 29, 2002, and by that date defendant Abington shall pay the plaintiff the sum of $3,500 as a sanction for its unjustified failure to provide them.
___________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 14774