## MILLER & A. *v.* SCAMMON.

Courts of equity will not ordinarily take jurisdiction of cases of fraud, where there is a plain, adequate, and complete remedy at law, and the means of obtaining the truth, attainable in equity by a bill for discovery, are furnished by the statute in its provisions for compelling the oath of a party to the cause.

IN EQUITY. The bill, by Frank W. Miller and George W. Marston against Stephen Scammon, alleged that the plaintiffs were the publishers of a daily newspaper; that the defendant, fraudulently intending to deceive and injure the plaintiffs, and to expose them to loss and to a prosecution for libel, persuaded and procured them to insert in their newspaper an advertisement over the signature of the defendant, and which he said was true, and which he alleged was necessary and designed to protect him against being compelled to pay certain notes therein described, which he then and there solemnly declared had been wrongfully obtained, and purporting to have been for a valuable consideration, and to have been signed by the defendant, and which he then and there pretended and asserted he never signed, and upon which he might be sued, or which might be set up in a suit against him.

The bill then avers that the allegations of the advertisement were false, and the present plaintiffs, as well as the defendant, were indicted and convicted for publishing a false and malicious libel in said advertisement, and the present plaintiffs were fined $150, which they have paid, with costs taxed at $21.63, together with other costs for counsel fees and other expenses amounting to $50, amounting in the whole to $221.63.

The plaintiffs pray that the court will ascertain the amount which they have had to pay, and the damages they have suffered by reason of the fraud and deceit of the defendant, and that he may be ordered and decreed to pay the same to the plaintiffs with interest, and for such other relief as may be just.

To this bill there was a general demurrer, and the questions of law thus raised were reserved.

*W. H. Y. Hackett,* for the plaintiffs.

*Wiggin,* for the defendant.

FOSTER, J. As a declaration in case, to recover damages for the deceit and fraud of the defendant, the plaintiffs' bill does not seem wanting in the essential and ordinary forms of pleading. The prayer of the bill is, that the court may ascertain what the plaintiffs "have had to pay, and the damages they have suffered by reason of the fraud and deceit" of the defendant, and that he may be ordered and decreed to pay the same. But the damages are specifically enumerated in

dollars and cents in the bill, and no aid, in equity, is required for their ascertainment.

No reason is suggested in the bill why the plaintiffs have chosen to proceed in equity rather than by the usual course of the law, which is ample in its form and power for the redress of such grievances as the plaintiffs complain of, provided they are entitled to relief or satisfaction. If the plaintiffs' remedy at law is not as plain, full, complete, and adequate as it is by proceedings in equity, neither the fact nor the reasons why are suggested in this bill, which, if it may be adopted for the disposition of such a case as the present, may just as well serve hereafter as a precedent, *mutatis mutandis*, for a bill to recover damages for deceit, in any case in which such damages are now sought by means of an action of tort.

It is quite true that, not only by force of our statutes, but upon general principles, courts of equity exercise a general jurisdiction in cases of fraud, sometimes concurrent with, and sometimes exclusive of, the common law courts. Gen. Stats., ch. 190, sec. 1; Snell's Principles of Equity 359. And it is said that in some cases of fraud for which the common law affords complete and adequate relief, chancery may have concurrent jurisdiction. Snell's Principles, *ante.* This general proposition, however, is too broad, when applied to our practice, under the rules of evidence which permit or require. parties to testify. In the English practice, and perhaps in some American States, equity may entertain this concurrent jurisdiction, because, although the *remedy* at law may be said to be adequate, the means of obtaining the truth, where discovery by the oath of the party is essential, may be wanting or deficient in the courts of common law. " The jurisdiction of the courts of equity for the enforcement of civil rights, as distinguished from the jurisdiction of the courts of common law, derives much of its utility from the power of the great seal to compel the defendant, in a suit, to discover and set forth, upon oath, every fact and circumstance within his knowledge, information, and belief, material to the plaintiff's case." Adams's Equity 1. But to a very great extent the right to enforce discovery and to search the conscience of the party, which was formerly only to be had in chancery, is afforded in the practice and by the statutes of our law courts as fully and effectually as by a court of equity.

" Perhaps the most general if not the.most precise description of a court of equity, in the English and American sense," says Judge STORY, " is, that it has jurisdiction in cases of rights recognized and protected by the municipal jurisprudence, where a plain, adequate, and complete remedy cannot be had in the courts of common law. The remedy must be plain,—for if it be doubtful and obscure at law, equity will assert a jurisdiction. It must be adequate,—for if, at law, it falls short of what the party is entitled to, that founds a jurisdiction in equity. And it must be complete,—that is, it must attain the full end and justice of the case. * * * The jurisdiction of a court of equity is, therefore, sometimes concurrent with the jurisdiction of a court of law: it is

sometimes exclusive of it, and it is sometimes auxiliary to it." 1 Story's Eq. Jur., sec. 33. In the matter of actual fraud, Blackstone has said that "courts of equity are established to detect latent frauds and concealments, which the process of the courts of law is not adapted to reach." 3 Bl. Com. 431. And although it may still be that courts of liberal equity powers may entertain concurrent jurisdiction with the courts of law, even in those cases of fraud which are effectually remediable in the latter, such jurisdiction is very seldom exercised anywhere, as we believe, and never, to our knowledge, in this State. Its ordinary application is restricted to cases in which a decree is required compelling the wrong-doer, specifically, to make good his default; " and, therefore," says Mr. Adams, " if the wrong require specific redress, and such specific redress is not attainable at law, there is a prerogative jurisdiction in equity to relieve." Adams's Eq., Introduction *xxxv. Sometimes, also, where the remedy at law would seem to be effectual, equity will entertain jurisdiction for the sake of avoiding circuity of action or multiplicity of suits. Smith's Manual of Eq., sec. 1. Indeed, as we regard it, the correct principle is laid down by Judge Story in his Equity Pleadings, sec. 473, where he says,—" In general, courts of equity will not assume jurisdiction where the powers of the ordinary courts are sufficient for the purposes of justice; and therefore it may be stated as a general rule, subject to few exceptions, that where the plaintiff can have as effectual and complete a remedy in a court of law as in a court of equity, and that remedy is direct, certain, and adequate, a demurrer, which is in truth a demurrer to the jurisdiction of the court, will hold. But where there is a clear right, and yet there is no remedy in a court of law, or the remedy is not plain, adequate, and complete, and adapted to the particular exigency, then, and in such cases, courts of equity will maintain jurisdiction." And see 1 Daniell's Ch. Pl. & Pr. 610.

Although the plaintiffs have not told us, in their complaint, wherein their remedy is deficient at law, they have suggested it in argument. They say " it is a recognized rule that equity will give relief against fraud upon less direct proof than would induce a court of law to afford the same relief." But the only difference in the quality of proof seems to be with regard to the matter of presumptions; and although it is said, in support of the plaintiffs' general proposition, that courts of equity will grant relief upon the ground of fraud, established by such presumptive evidence as courts of law would not always deem sufficient proof to justify a verdict (1 Story's Eq. Jur., sec. 190), it seems quite manifest, from the charge of the plaintiffs' bill, that they cannot support or derive aid to their claim from any presumptions other than those which could as well be deduced in a court of law as in equity, from the circumstances which may be disclosed and developed before a jury.

Again, the plaintiffs say,—" In equity the plaintiffs are entitled to search the conscience of the defendant, and to have the benefit of his answer under oath, or of his refusal so to make it. And it is not quite

certain that the defendant could be compelled to state facts, as a witness, which, while they would make out the plaintiffs' case, would expose him to another indictment." But our statute, permitting and compelling the testimony of parties in civil actions, seems to afford all the advantages claimed for chancery jurisdiction in this respect. And an answer to a question, searching the defendant's conscience to its lowest depths, could not, after his conviction for the libel which he uttered and the plaintiffs published, be now avoided on the ground of its tendency to expose him to a criminal prosecution, that prosecution and its consequences having once been suffered and expiated.

And, finally, they submit that " the remedy may be neither plain nor adequate, which depends upon the unwilling testimony of a convicted libeller." But a remedy will not be regarded as inadequate, simply because it may be said that the evidence required to enforce it is that of an unwilling, or perhaps an untruthful, witness ; and, moreover, it is not very apparent that equity is more effectual than the law to extract truth from the lips of an unwilling " convicted libeller." In the one tribunal, as in the other, the process is the same : in the one tribunal, as in the other, both parties may testify, and both be cross-examined.

In short, we are unable to discover any sufficient grounds for entertaining equitable jurisdiction of the plaintiffs' case. If the plaintiffs are entitled to relief, their remedy is plain, and not doubtful or obscure. It is by an action on the case for deceit. It is adequate, and does not fall short of what the party is entitled to,—that is, it entitles him to a verdict for full and ample damages, and a judgment and execution thereon, with costs, to be levied upon his goods or estate, and for want thereof, upon his body. And in this particular it is complete, attaining the full end and justice of the case, which requires no other decree than such a judgment and execution. In all these particulars, the definition of the terms " plain, adequate, and complete," as furnished by the books, is fully satisfied. 1 Story's Eq. Jur., sec. 33.

It is unnecessary to entertain the question whether the plaintiffs, upon the statements contained in their bill, might have a remedy at law. It would seem that everything alleged in the bill might, upon the indictment against them, have been shown in evidence. Whether if proven by credible testimony it would constitute a legal defence, we need not now inquire. It is said that, before a person gives general notoriety to oral calumny by circulating it in print, he must be prepared to prove its truth to the letter. An editor gives publicity to a private slander at his own risk ; for he has no more right to take away the character of a man, without being able to prove the charge that he has made against him, than he has to take his property without being able to justify the act by which he possessed himself of it. Addison on Torts 775, 776. And even the truth of the thing charged is in many jurisdictions inadmissible as a justification, and, if admitted at all, can only be received to rebut or refute the proof or inference of malice, which is said to constitute the essence of the offence. Wharton's Cr. Law 850.

It would seem that, if the plaintiffs might have shown the facts which they now allege in defence of the indictment upon which they have been convicted, or if the proffered testimony was inadmissible, because affording no justification, the conviction must be regarded as putting all the parties to this bill *in pari delicto*, and that the plaintiffs can therefore have no claim, either in law or equity, for relief.

*Bill dismissed.*