Merrimack,   }
March 2, 1920. }

## EUGENE DAVIS *v.* THE CENTRAL NEW HAMPSHIRE POWER COMPANY OF MAINE.

Discovery of documents in aid of an action at law may be ordered upon a motion in the form of a bill for discovery against a foreign corporation which has appeared generally, though the documents are outside the state.

BILL FOR DISCOVERY, in the form of a motion, in aid of an action of assumpsit to recover for services alleged to have been rendered the defendant by the plaintiff. At the hearing on this motion it ap-

peared that the documents sought to be discovered were located at the offices of the defendant in Brattleboro, Vt., and Portland, Me. The defendant is a corporation organized under the laws of Maine. The court having found that the plaintiff was unable properly to prepare his case without an opportunity to inspect the documents in question and that justice required their production, ordered discovery, and the defendant excepted. The writ shows an attachment of the defendant's real estate in New Hampshire, and an acceptance of service by defendant's attorney, who appeared generally after the writ was entered.

Transferred from the April term, 1919, of the superior court by *Marble*, J.

*Robert W. Upton*, for the plaintiff.

*Joseph Madden* and *A. V. D. Piper* (of Vermont), for the defendant.

PEASLEE, J. The defendant has furnished no brief. The record shows but two possible objections to the order which are now open for consideration. These are that the defendant is a foreign corporation and that the books and documents of which discovery is sought are outside the state. These objections, with others not now material, were urged in the superior court.

The fact that the defendant is a foreign corporation is of no consequence, for it has appeared generally in the suit, and consequently has submitted itself to the jurisdiction of the court. *March* v. *Railroad*, 40 N. H. 548; *Morrill* v. *Railroad*, 55 N. H. 531.

A decree for discovery is *in personam*, and the usual rule in such cases applies. When equity has jurisdiction of the person a valid decree can be made even though it regulates the party's conduct touching property outside the state. *Great Falls Mfg. Co.* v. *Worster*, 23 N. H. 462.

*Exception overruled.*

All concurred.