ALDEA L. LEFEBVRE, *Adm'x*

*v.*

SOMERSWORTH SHOE COMPANY & a.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Hughes & Burns (Mr. Walter A. Calderwood* orally), for the defendant company.

*Ernest R. D'Amours*, Assistant Attorney-General (by brief and orally), for the defendant state.

JOHNSTON, J. It is true that the records of the analyses referred to in the order against the Division of Industrial Hygiene were not made for the purpose of furnishing information to the public as a whole and are not public records in that sense. "It has been held that there is no general right of inspection of records of executive departments of the government which are not intended as notice, but are kept merely as evidence of the transactions in the departments." 45 Am. Jur. 429. In order to make the inspection desired the plaintiff must establish her equitable right.

In a bill or on a motion for discovery of evidence, "its production will be ordered if the court can fairly find that it may in any way be material to the plaintiff's cause." *Ingram* v. *Railroad*, 89 N. H. 277, 279. See also, *LaCoss* v. *Lebanon*, 78 N. H. 413, and *Reynolds* v. *Company*, 71 N. H. 332. Because of the liberal laws in this state for the taking of depositions in advance of trial, the ordinary use of the equitable remedy of discovery here is for the inspection of documents and real evidence. In order that inspection of a document be ordered, it need not appear that the evidence is competent. That question is reserved for the offer at the trial of the main case. "If, under any circumstances, it might be introduced as evidence, that is sufficient for the present case." *Peck* v. *Ashley*, 12 Met. 478, 481. The original record that is the subject of the order of the Superior Court would be admissible as evidence at the trial of the tort action in the event that the expert who made the analyses could not recollect them but could verify the records. *Graves* v. *Railroad*, 84 N. H. 225. Moreover, this court has held that the phrase, material to the plaintiff's case, may mean simply to the proper preparation of his case. In *Davis* v. *Company*, 79 N. H. 377, the trial Court found "that the plaintiff was unable properly to prepare his case without an opportunity to inspect the documents in question and that justice required their production." An exception to an order for their production was overruled. It was clearly findable that the information prayed for; to wit, the nature of the liquid used by the plaintiff's intestate, was material to the plaintiff's case. It may be vital. The motion for discovery is not a mere prying into the defense.

There is no privilege on the part of either defendant to keep secret the records sought. "Every member of the community has a general and public duty to attend in court and to disclose all matters known to him, to the end that truth may be established in litigation." Wig. Code of Evidence (2d *ed.*), 396. No claim of privilege can be made under chapter 155 of the Revised Laws, as section 3 of that chapter is limited to reports made by physicians to the State Board of Health. In the present case it was findable that the report and the request for analysis came directly from the defendant company. No state secret is involved in the order of the trial Court. A mere statement of the privilege sometimes due the state shows that the present facts do not call for its application. "Lastly, official persons cannot be compelled to disclose matters of state, the publication of which would be prejudicial to the interests of the com-

munity." Bispham, Prin. of Eq. (10th *ed.*), 849. The work resulting in the records desired was described by the Acting Director of the Division of Industrial Hygiene as follows: "Outside of the work that you are compelled to do by statute in your division, is it the practice of your department from time to time upon the request of certain persons, such as, employers, to render assistance, coöperation and recommendation on problems of industrial hygiene? A. It is. Q. That's one phase of the work of your division? A. That's right. Q. And it's in connection with pursuing that policy that you investigated this case? A. That's right." The only interest the state has in the present controversy between the estate of the employee and the defendant company is that justice be done and to that end that a full disclosure of the truth be made.

It is argued that a state is immune from being sued. "Apparently for this rule to apply the relief asked must involve some direct or substantial interest of the state, as a distinct entity, apart from the mere interest a state may have in the welfare of its citizens or the vindication of its laws." 59 C. J. 307, 308. "It is well settled that not every suit against an officer of the State is a suit against the State. A suit against an officer in which the State has no pecuniary interest, or substantive right to protect, is not a suit against the State." *Ex Parte Fitzpatrick*, 171 Ind. 557, 560. This was an action to collect fees that were the property of the state from certain boards and commissions of the state. So in *Fidelity & Deposit Co.* v. *Shaid*, 103 W. Va. 432, it was held that an action by a surety on a bond to recover certain assets of a contractor in the hands of the State Road Commission was not an action against the state in violation of its immunity. A motion for discovery directed to a state department for information that involves no privilege on the part of the state, the disclosure of which is not in any way harmful to the state and that is material to the plaintiff's cause of action should not be denied because of the principle of immunity of the state from suits.

Finally it is claimed that discovery will not be decreed against one who is not a party to the proceedings in aid of which the auxiliary help is sought. This equitable remedy will not be granted against a mere witness. 17 Am. Jur. 26. In *LaCoss* v. *Lebanon, supra*, it was decided that an attorney might be made a party for the purpose of discovering a plan and a photograph that were material to the plaintiff's case. "However, in some instances discovery will lie against one not himself liable in the main action, to discover facts peculiarly within his knowledge as a result of his dealings with the real or

358

prospective defendants." 27 C. J. S. 16. The information needed by the plaintiff is peculiarly within the knowledge of the state department as a result of dealings of the defendant company with it after the cause of action, if any, accrued. As in the case of the attorney-at-law in *LaCoss* v. *Lebanon, supra,* justice permits and requires making the state a party for the purpose of discovery under the present circumstances. It is true that one or more depositions could be taken for the purpose of obtaining the necessary information. The record of the analyses of the fluid used by the deceased is a simple statement, although important to the plaintiff. There can be no objection to the furnishing of such record in accordance with the court order. If the information favors the defendant, no harm is done; if it is the other way and negligence and causation are determined, justice is accomplished.

*Exceptions overruled.*

All concurred.

Strafford,
Apr. 3, 1945. } No. 3527.