Hillsborough,
  No. 4323.

NORMA THERRIEN *v.* PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE.

SAME *v.* NEW ENGLAND TELEPHONE & TELEGRAPH CO.

Argued September 7, 1954.

Decided September 30, 1954.

*Devine & Millimet* (*Mr. Millimet* orally), for the plaintiff.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for Hatfield, and the defendant New England Telephone & Telegraph Company.

*Sulloway, Jones, Hollis & Godfrey* for the defendant Public Service Company of New Hampshire, furnished no brief.

DUNCAN, J. The principal complaint made with respect to the orders of the Superior Court appears to be directed toward those which require production by Hatfield of the company file, and by the company of statements taken from witnesses. It is asserted that names and addresses of witnesses have been furnished, that the plaintiff has taken one or more depositions, and that the information desired is available to the plaintiff direct from the witnesses themselves. This argument was considered by the Superior Court, and its order, supported by evidence that the plaintiff could not locate one or more of the witnesses and that others reside without the jurisdiction, must be deemed to have been properly entered in the exercise of the Court's discretion. *Ingram* v. *Railroad,* 89 N. H. 277, 279. The order did not extend to the requested production of the company's entire file and all information therein, nor was a blanket order issued requiring the witness to answer all material questions regardless of form or whether hearsay was called for. See *Staargaard* v. *Company,* 96 N. H. 17.

The circumstance that the documents are beyond the jurisdiction presents no obstacle (*Davis* v. *Company,* 79 N. H. 377), and the mere fact that they may not be admissible in evidence does not preclude the order. See *Staargaard* v. *Company, supra,* 18. "Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty. " *Hickman* v. *Taylor,* 329 U. S. 495, 511.

The excepting parties further urge that since they are not parties

to the pending action, a bill for discovery will not lie. Whatever may have been the common law elsewhere in this regard (see VI Wig. Ev. (3rd *ed.*) *ss.* 1856d, 1857, 1859f) the rule does not prevail in this jurisdiction. The considerations which led the court in *LaCoss* v. *Lebanon,* 78 N. H. 413, 417, to hold that no statutory authority was needed to empower the court to require a party to discover apply with equal force and some greater reason to a nonparty. R. L., *c.* 392, *s.* 23, affords to a party a limited exemption from discovery on deposition, which does not extend to third persons. *Bradley's Petition,* 71 N. H. 54. See *Reynolds* v. *Company,* 98 N. H. 251. Witnesses may properly be required to produce nonprivileged information at a trial (*Boston & Maine R. R.* v. *State,* 75 N. H. 513; *Marceau* v. *Orange Realty Inc.,* 97 N. H. 497, and for the reasons set forth in the *LaCoss* case may be compelled to do likewise in advance of trial. Precedent for such an order may be found in *Lefebvre* v. *Somersworth Co.,* 93 N. H. 354, 356, and there is no indication that the relief there granted in any way rested upon the circumstance that the desired information ordered to be discovered originated with a party to the pending action. See also, *Drake* v. *Bowles,* 97 N. H. 471.

We are urged to extend to statements procured by the company's claim investigator the rule with respect to the "work product of the lawyer," established by *Hickman* v. *Taylor, supra,* 511, under the Federal Rules of Procedure. Those rules are not binding upon our courts. The holding of the decision was restricted to denial of an order for inspection of statements obtained by the attorney for the defendant in preparing for trial, where such inspection was sought as a matter of right and without showing good cause. The opinion of the court stated: "We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases." *Hickman* v. *Taylor, supra,* 511. Subsequent decisions of the federal courts have shown reluctance to extend the rule to the work product of claim agents, insurers and investigators. See 4 Moore's Federal Practice (2nd *ed.*) *s.* 26.23 [8]; 7 Vanderbilt Law Rev. 521, 541; *Durkin* v. *Pet Milk Co.,* 14 F. R. D. 385; *Bifferato* v. *States Marine Corp. of Del.,* 11 F. R. D. 44. The Federal decisions are not persuasive support for the arguments made by the excepting parties on the facts of this case. See "Discovery of Trial Preparations," 50 Col. L. Rev. 1026, 1057, 1059. If cases may arise where the work product of investigators or others is shown to be so

far akin to that of a lawyer as to merit like protection from disclosure, justice may be thought to require such protection. The record in the pending actions however does not establish that this is such a case. The statements ordered to be produced are less the "work product" of the investigator than they are a record of facts known to witnesses, one or more of whom are now unavailable to the parties to the pending tort action. See 4 Moore, *supra. p.* 1139-40.

So far as the order relates to information concerning the pole, there was no error. The suggestion now made that only records of the defendant Public Service Company of New Hampshire can be important cannot be accepted. The history of the pole and its location during a period of changing traffic conditions, as disclosed by telephone company records may well be an essential part of the plaintiff's preparation for trial. See *Bourget* v. *Company,* 98 N. H. 237.

Issues relating to the deposition are largely disposed of by what has been said, and by established principles. That questions called for hearsay did not justify a refusal to answer. *Staargaard* v. *Company, supra.* Information thus disclosed might well lead to competent evidence. If the deposition should be offered in evidence at the trial, objection may then be made. Only objections which can be obviated at the taking of the deposition are waived if not made at that time. See *Kingsbury* v. *Moses,* 45 N. H. 222; *Whipple* v. *Stevens,* 22 N. H. 219, 224-5. The order requiring that the witness Hatfield refresh his recollection by examining the file at Boston might be thought open to objection because of the "dangers of inaccuracy and untrustworthiness." *Hickman* v. *Taylor, supra,* 513. However it was calculated to place the witness in a position to describe the nature of contents of the file, and thus enable the plaintiff to intelligently seek additional discovery if circumstances warranted. It does not appear that the order was without justification.

*Exceptions overruled.*

All concurred.