Hillsborough
No. 80-119

MARILYN L. ROBBINS

v.

KALWALL CORPORATION

June 18, 1980

*Craig, Wenners, Craig & McDowell,* of Manchester (*Thomas E. Craig* orally), for the plaintiff.

*Wiggin & Nourie,* of Manchester (*William S. Orcutt* orally), for the defendant.

PER CURIAM.   This case raises the question whether discovery may be had against a third party when no litigation is pending and, if so, under what conditions.

The plaintiff was employed by the defendant for about three months  prior to a job-related injury in December 1974, for which she received workmen's compensation. No claim for damages may be brought by her against her employer by virtue of RSA 281:12 (Supp. 1979).

The plaintiff seeks to pursue a possible third-party claim against the unknown manufacturer and/or designer of the oven that she asserts caused her injuries. In her petition for discovery filed against her employer, she asserts that the employer and its workmen's compensation insurance carrier have refused to permit her to examine the oven to determine the manufacturer's name and possible liability. The employer moved to dismiss based upon RSA 491:7 (Supp. 1979) asserting a want of jurisdiction. From the granting of that motion by *Goode,* J., the plaintiff appeals.

Though on its face RSA 491:7 (Supp. 1979) does not explicitly grant jurisdiction, RSA 498:1 (Supp. 1979) clearly says that the superior court as a court of equity, among other enumerated "subjects, may act on "discovery" and "cases in which there is not a plain, adequate and complete remedy at law."

In *Lefebvre v. Somersworth Shoe Company,* 93 N.H. 354, 41 A.2d 924 (1945), there was a pending action against an employer and a discovery request against a third party. This court noted that

> [e]very member of the community has a general and public duty . . . to disclose all matters known to him, to the end that truth may be established in litigation.

*Id.* at 356, 41 A.2d at 926. In fact the court said:

> [I]n some instances discovery will lie against one *not* himself *liable* in the main action, to *discover facts* peculiarly within his *knowledge* as a result of his dealings with the real or prospective defendants.

*Id.* at 357–58; 41 A.2d at 927 (emphasis added).

In *Therrien v. Public Service Co.*, 99 N.H. 197, 108 A.2d 48 (1954), a suit was pending against an electric utility for personal injuries, and discovery was sought by petition against an *employee* of a *non-party* to ascertain what its file contained regarding the accident. In permitting the petition for discovery, the court said:

> The excepting parties . . . urge that since they are not parties to the pending action, a bill for discovery will not lie. Whatever may have been the common law elsewhere in this regard . . . the rule does not prevail in this jurisdiction.

*Id.* at 199–200, 108 A.2d at 51. The court further observed that reasons for discovery "apply with equal force and some greater reason to a nonparty." *Id.* at 200, 108 A.2d at 51. *See also United States v. Nixon*, 418 U.S. 683 (1974) (discovery against President authorized though not a party to pending criminal proceeding even in face of constitutional claim of executive privilege).

We reaffirm our prior law but note that open-ended "fishing expeditions" are not permitted. The trial court has ample power to set appropriate time, place, manner and scope of restrictions on non-party discovery whether or not a suit is pending. *See* Superior Court Rule 35c(2) regarding "specified terms and conditions" that may be set in the sound discretion of the trial court.

*Remanded.*