Hillsborough-northern judicial district
No. 2003-236

## MARIANNE GUTBIER

v.

## HANNAFORD BROTHERS CO. D/B/A HOOKSETT SHOP 'N SAVE

Argued: November 5, 2003
Opinion Issued: February 13, 2004

*Wiggin & Nourie, P.A.*, of Manchester (*Daniel Duckett* and *Christopher J. Pyles* on the brief, and *Mr. Duckett* orally), for the plaintiff.

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Michael R. Mortimer* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, Hannaford Brothers Co., appeals from an order of the Superior Court (*Lynn*, J.) granting the plaintiff's equitable petition for discovery, *see* RSA 498:1 (1997). We reverse and remand.

The plaintiff, MariAnne Gutbier, was injured when she fell at a Shop 'N Save grocery store owned by the defendant. The defendant, in accordance with its normal procedure, prepared an incident report, including observations about the injured person, names of witnesses, observations as to the condition of the floor and photographs of the accident scene. The defendant provided the incident report to its in-house adjuster, who used it for further investigation and as a basis for determining whether or not the store was negligent.

Because of her injuries, the plaintiff had no recollection of the fall or its cause. The plaintiff contacted the defendant about the incident. The in-house adjuster responded that the store "inspected the area after you fell and [was] unable to find any substance on the floor that could have caused you to slip." Thus, the in-house adjuster concluded that, based upon the investigation, "the incident did not occur as a result of negligence on behalf of Shop 'N Save."

The plaintiff then asked for a copy of the defendant's investigation file so that she could better determine whether there was a justifiable basis for making a claim against the defendant. The defendant refused to give her the file. Even though the plaintiff concedes that she could then have filed a writ that would have withstood a motion to dismiss, she instead filed a petition in equity requesting that the superior court grant her discovery prior to her commencement of litigation.

The trial court granted the petition, concluding that by "attempting to avoid making a claim for damages based only on the minimum amount of information that might satisfy the good faith standard for sanctions; plaintiff has, in effect, resisted the temptation to 'sue first and ask questions later.'"

On appeal the defendant argues that the superior court erred by granting the plaintiff's equitable petition when she had a plain, adequate and complete remedy at law by which to obtain the same information. The plaintiff argues, however, that RSA 498:1 delineates many situations in which equitable jurisdiction will arise even when a party has a plain, adequate and complete remedy at law.

The propriety of affording equitable relief rests in the sound discretion of the trial court to be exercised according to the circumstances and exigencies of the case. *Cook v. Sullivan*, 149 N.H. 774, 782 (2003). We will uphold a trial court's equitable order unless its decision constitutes an

unsustainable exercise of discretion. *Id.*; *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

RSA 498:1 (1997) states, in pertinent part, that: "The superior court shall have the powers of a court of equity in the following cases: . . . discovery; cases in which there is not a plain, adequate and complete remedy at law; and in all other cases cognizable in a court of equity . . . ."

Our analysis begins with the statutory language itself; when that language is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent. *Johnson v. City of Laconia*, 141 N.H. 379, 380 (1996). We ascribe to statutory words and phrases their usual and common meaning, unless the statute itself suggests otherwise. *Id.*

Equitable discovery in New Hampshire dates back to 1842 with a statute that stated, in pertinent part, that the court "shall have power to hear and determine, as a court of equity . . . in suits for discovery in cases where a discovery may be lawfully required." RS 171:6 (1842); *see Reynolds v. Fibre Co.*, 71 N.H. 332, 333 (1902).

The statute was amended in 1867, to state, in pertinent part, that the court:

> shall have the powers of a court of equity in cases cognizable in such court, and may hear and determine, according to the course of equity, in case[s] . . . of discovery, where discovery may be had according to the course of proceedings in equity; and in all other cases where there is not a plain, adequate, and complete remedy at law, and such remedy may be had by proceedings according to the course of equity . . . .

GS 190:1 (1867); *see also* GL 209:1 (1878). In 1901 the legislature amended the statute to that which is in effect today. *See* PS 205:1 (1901); RSA 498:1.

The plaintiff argues that the current version of RSA 498:1 expands the equity powers of the superior court to include cases in which the plaintiff has a plain, adequate and complete remedy at law. Such an interpretation, however, is at odds with our traditional interpretation of equitable jurisdiction. RSA 498:1 specifically grants the superior court equitable jurisdiction in cases that arise under "the powers of a court of equity." Indeed, the common thread tying together the 1842, 1867 and 1901 statutes cited above is that the legislature specifically granted equitable jurisdiction to the court as a court in equity. *See* RS 171:6; GS 190:1; PS 205:1; RSA 498:1.

Prior to the 1901 amendment, we had held that the powers of a court of equity arise when there is no plain, adequate and complete remedy at law.

*See Tappan v. Evans*, 11 N.H. 311, 325 (1840); *Eastman v. Company*, 47 N.H. 71, 78 (1866); *Miller v. Scammon*, 52 N.H. 609, 612 (1873); *Osgood v. Jones*, 60 N.H. 543, 548 (1881). After the 1901 amendment, we continued to hold that equitable jurisdiction lies when there is no plain, adequate and complete remedy at law. *See Reynolds*, 71 N.H. at 332; *Sands v. Stevens*, 121 N.H. 1008, 1011 (1981); *see also Thurston Enterprises, Inc. v. Baldi*, 128 N.H. 760, 764 (1986).

Equitable discovery arose in response to the common law maxim that one is not bound to arm one's adversary against oneself. *See Reynolds*, 71 N.H. at 333; *see also* LATIN WORDS & PHRASES FOR LAWYERS 164 (R.S. Vasan ed., 1980). This principle generally allowed parties to conceal from each other, up to the time of trial, the evidence upon which they intended to rely, and would not compel either of them to supply the other with any evidence to assist that party in the conduct of its cause. *See Reynolds*, 71 N.H. at 333-34. Under this maxim, many claims existed for which there could be no redress, simply because the plaintiff's evidence was, in whole or in part, in the defendant's possession. *See id.* at 334. This perceived injustice at common law led to the development of the equitable remedy of bills for discovery. *See id.*

This equitable resolution of injustice at common law is demonstrated by our decision in *Reynolds*, in which the plaintiff sued the defendant for negligently causing the death of the plaintiff's intestate. *Id.* at 333. While in the employ of the defendant, the plaintiff's intestate was killed when he fell against the governor of an engine because a strap on a connecting rod broke. *Id.* The plaintiff brought an action claiming that the strap was in a defective condition. *Id.* The common law at the time, prior to modern discovery procedures, provided for the right to examine the strap only at trial. *Id.* at 335. Because the plaintiff was unable to gain discovery prior to trial, the defendant filed a motion to dismiss the case, which was granted. *Id.* at 333.

We stated, in interpreting PS 205:1, which was in pertinent part identical to RSA 498:1, that unless the equitable remedy of discovery has been superseded by the provision of some plain, adequate and complete remedy at law, the defendants might be compelled to "discover . . . all the facts within their knowledge, information or belief tending to show that [the strap was defective]." *Id.* at 335. Thus, we concluded that because examination of the actual strap was "necessary [for] the administration of justice," the defendant could, in pretrial proceedings, be compelled to produce the broken pieces themselves. *Id.* at 335.

"Modern pretrial discovery has its roots in the inherent powers of the court and is derived from the early bills of discovery." 4 R. WIEBUSCH,

NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 22.07, at 515 (1997). "In the 1920s and 1930s, the former bills of discovery were transmuted in practice into discovery motions and the use of a separate equity proceeding for discovery in aid of a pending action at law was discontinued." *Id.* at 515 n. 29. The process began with *LaCoss v. Lebanon*, 78 N.H. 413 (1917), in which we stated that a bill of discovery could be treated simply as a motion in the related action at law. *See id.* Following our decision in *LaCoss*, discovery was first attempted by a bill of discovery in the form of a motion, *see Davis v. Company*, 79 N.H. 377 (1920), and later by the modern motion for discovery, *see Ingram v. Railroad*, 89 N.H. 277 (1938). *See* WIEBUSCH, *supra* at 515 n. 29. Thus, the need for equitable bills of discovery diminished as modern discovery procedures filled in the gaps that had once existed at common law.

Still, the remedy of an equitable bill of discovery exists by statute, and in *Robbins v. Kalwall Corp.*, 120 N.H. 451 (1980), we recognized the need for its use. In *Robbins,* the plaintiff was injured by an oven during her employment with her employer. She received workers' compensation from the employer and sought to pursue a claim against the manufacturer of the oven. *Id.* at 452. The employer refused, however, to allow her to examine the oven to determine the manufacturer's name. *See id.* Because the plaintiff did not know the identity of the manufacturer, she could not file suit against the manufacturer. *See id.* Additionally, the plaintiff could not file suit against the employer because such an action was barred by the workers' compensation statute. *See id.* Having no other remedy at law, the plaintiff sought a petition for equitable discovery to determine the identity of the manufacturer. We permitted this third-party equitable discovery, recognizing that RSA 498:1 provides the superior court with equitable jurisdiction over discovery and cases in which there is not a plain, adequate and complete remedy at law. *Id.*

We observed in *Robbins* that the reasons for discovery apply with equal force and some greater reason to a nonparty. *Id.* at 453. A nonparty often has no interest in participating in the plaintiff's suit against another litigant, and, absent equitable discovery, a plaintiff may have had no means at law to obtain necessary information. The present case differs from *Robbins*, however, in that instead of seeking discovery from a nonparty for the purpose of determining the identity of a potential adversary, the plaintiff here seeks discovery from a known potential adversary to determine if litigation, that the plaintiff concedes could otherwise have been brought, is justifiable.

■ The plaintiff knows the form that the action should take, *i.e.,* an action in negligence, and knows the identity of the defendant. Even if, as plaintiff contends, it would be "cheaper, faster and easier" to file a petition in equity for discovery than to file a lawsuit and seek "normal" discovery, she has a plain, adequate and complete remedy at law. Thus, no sufficient reason exists for invoking equity jurisdiction. *See also Drake v. Bowles,* 97 N.H. 471, 473-74 (1952).

Finally, the plaintiff cites *Claire Murray, Inc. v. Reed,* 139 N.H. 437 (1995), for the proposition that an equitable petition for discovery may be granted to allow the moving party an opportunity to discover if grounds for a tort claim exist. *Murray* is distinguishable, however, because there was a pre-existing fiduciary duty between the parties. *Id.* at 439. Thus, in *Murray,* as in other cases in "which [we have] allowed a party to obtain information before an action [had] been commenced, the petitioner . . . had some right to obtain the information which was *independent* of his need to prepare for trial." WIEBUSCH, *supra* at 515-16. As the plaintiff has not identified an independent right to obtain information from the defendant, *Murray* is not helpful to our analysis.

The plaintiff's proper remedy was to file a writ and obtain discovery through the course of litigation. Such a remedy would have been plain, adequate and complete, and we discern no reason why equitable jurisdiction would apply in this case. The trial court's decision to allow the plaintiff to proceed on a bill of equity constituted an unsustainable exercise of discretion. *See State v. Lambert,* 147 N.H. at 296.

*Reversed and remanded.*

DUGGAN, J., and GRAY, J., retired superior court justice, specially assigned under RSA 490:3, concurred; NADEAU, J., and BROCK, C.J., retired, specially assigned under RSA 490:3, dissented.

NADEAU, J., and BROCK, C.J., retired, specially assigned under RSA 490:3, dissenting. In reaching its decision, the majority concludes that Gutbier is precluded from petitioning for equitable discovery because she has a plain, adequate and complete remedy at law. This result, however, is inconsistent with the plain language of RSA 498:1 (1997) and our cases interpreting this statute.

In New Hampshire, "discovery" is delineated as one of the nineteen types of equity proceedings for which jurisdiction is specifically conferred on the superior court by statute. 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 63.03, at 587-90 (1998). RSA 498:1, entitled "Jurisdiction," provides, in relevant part: "The

superior court shall have the powers of a court of equity in the following cases: ... discovery; cases in which there is not a plain, adequate and complete remedy at law; and in all other cases cognizable in a court of equity . . . ."

A reading of the plain language of RSA 498:1 indicates that each word or phrase succeeding the phrase, "[t]he superior court shall have the powers of a court of equity in the following cases," is a separate category over which the superior court has jurisdiction. The semicolons between each category demonstrate the legislature's intent to enumerate distinct instances where the superior court shall have equitable powers. Thus, under the plain language of RSA 498:1, one category where the superior court shall have powers of equity is "discovery," while another is "cases in which there is not a plain, adequate and complete remedy at law." In fact, the filing of a negligence action is a remedy at law to recover for alleged personal injuries, not to initiate discovery.

If the legislature had intended to require the lack of a plain, adequate and complete remedy as a condition of granting superior court equity jurisdiction to grant discovery, it could have written RSA 498:1 to reflect this objective. *See* RSA 498:1. In fact, it did just that in limiting the equity powers of the probate court. *See* RSA 547:3-b (1997) ("The *probate court shall have the powers of a court of equity in cases in which there is not a plain, adequate and complete remedy at law* involving partition, guardianships ... and in all other like cases cognizable in a court of equity . . . ." (Emphasis added.)).

The majority also claims there are historical principles of equity to support its decision. Where equity jurisdiction is specifically conferred by statute, however, our decision is not determined by common law and "it is no objection that the plaintiff also has a plain, adequate, and complete remedy at law." *Slaney v. Westwood Auto, Inc.*, 322 N.E.2d 768, 777 (Mass. 1975); *see also Westbrook v. Westbrook*, 364 S.E.2d 523, 529 (Va. Ct. App. 1988). RSA 498:1 is a specific jurisdictional provision conferring to the superior court powers of equity in discovery without regard to the adequacy of a remedy at law.

Our most recent case interpreting RSA 498:1 affirmed the statutory right to obtain pre-litigation discovery. *See Robbins v. Kalwall Corp.*, 120 N.H. 451, 453 (1980). In *Robbins,* the plaintiff sought to pursue a potential third-party claim against an unknown party, but could not file a claim for damages against her employer because she was barred by the workers' compensation statute. *Id.* at 452. We held that third-party discovery was permissible even when no litigation is pending. *Id.* at 453. The majority finds our observation in *Robbins,* "that reasons for discovery apply with

equal force and some greater reason to a non-party," precludes a petition for equitable discovery of a potential adversary. *Id.* (quotations omitted). We would not read *Robbins* so narrowly. We believe that *Robbins* merely holds that the impending status of a suit is not a determinative factor in the trial court's decision to exercise equitable powers of discovery. *See id.* ("The trial court has ample power to set appropriate time, place, manner and scope of restrictions on non-party discovery *whether or not a suit is pending*." (Emphasis added.)).

We have consistently reserved the propriety of affording equitable relief in a particular case to the sound discretion of the trial court "to be exercised according to the circumstances and exigencies of the case." *Crocker v. Canaan College*, 110 N.H. 384, 388 (1970). We are aware, as was the trial judge, of the potential for abuse that may attend the allowance of pre-suit equitable discovery. We agree with his reasoning and believe the unique facts of this case warrant application of the well-established policy of providing equitable relief to parties seeking discovery. *See id.; Robbins*, 120 N.H. at 453.

Gutbier struck her head during the fall and retains no memory of the accident. In an effort to evaluate a possible negligence action and avoid unnecessary litigation, Gutbier sought disclosure of Hannaford's investigative report concerning the accident. Gutbier submitted evidence by offers of proof to the trial court to support her good faith claim. The superior court acknowledged that it would not "authorize [equitable] discovery merely to allow a person to satisfy his or her idle curiosity to obtain access to information concerning the private affairs of another individual or business." *See Robbins*, 120 N.H. at 453. It granted the petition, however, because it found no danger of abuse here.

Next, Gutbier identified with particularity the records she sought to discover and their relevancy to the potential claim. She requested, among other documents, investigation notes, the "sweep schedule" of the grocery store on the day of her accident, and information relating to store maintenance the night before the accident. Because Gutbier has shown she has a good faith basis for her claim and she specifically identified the relevant documents concerning the potential suit, we would determine that she is not engaging in a "fishing expedition." *Id.; see also Reynolds*, 71 N.H. at 345.

In holding that the trial court's decision to order pre-litigation discovery of a putative adversarial party under RSA 498:1 is a sustainable exercise of discretion, *see Massicotte v. Matuzas*, 143 N.H. 711, 712 (1999), we would reaffirm our position that the decision to grant equitable relief rests in the sound discretion of the trial court to be exercised according to the

circumstances and exigencies of the case. *See Crocker*, 110 N.H. at 388; *Robbins*, 120 N.H. at 453.

For these reasons, therefore, respectfully, we dissent.