NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Merrimack
No. 2020-0005


PETITION OF NEW HAMPSHIRE DIVISION OF STATE POLICE

Argued: October 28, 2020
Opinion Issued: March 26, 2021

Gordon J. MacDonald, attorney general (Daniel E. Will, solicitor general, Matthew T. Broadhead, senior assistant attorney general, and Jessica A. King, assistant attorney general, on the brief, and Mr. Broadhead orally), for the New Hampshire Division of State Police.


Davis│Hunt Law, PLLC, of Franklin (Brad C. Davis on the brief and orally), for Douglas Trottier.


CullenCollimore, PLLC, of Nashua (Brian J.S. Cullen on the brief and orally), for the Town of Northfield Police Department.

BASSETT, J. The court accepted this petition for original jurisdiction filed pursuant to Supreme Court Rule 11 by the New Hampshire Division of State Police ("the Division") to determine whether the Superior Court (Kissinger, J.) erred when, in the course of litigation between Douglas Trottier, formerly a police officer in the Town of Northfield, and the Northfield Police Department ("Northfield PD"), it ordered the Division — a nonparty — to produce a file

related to the Division's pre-employment background investigation of Trottier. The Division argues that the trial court erred because it ordered a nonparty to produce discovery without a proper "jurisdictional basis," such as a subpoena. It also argues that the court erred when it concluded that RSA 516:36, II (2007) did not bar discovery of the pre-employment background investigation file. Although the parties never served the Division with a subpoena — the proper procedure for propounding discovery on a nonparty to a litigation — we find that the trial court ultimately afforded the Division ample notice and the opportunity to object to disclosure of the file, and, therefore, there was no prejudicial error. Because we also hold that RSA 516:36, II does not apply to the pre-employment background investigation file, and, therefore, the file is not shielded from discovery, we affirm.

The following facts are supported by the record or are undisputed. Trottier served as a police officer for the Northfield PD for eleven years until he resigned in 2002. At some point thereafter, he was employed as a certified police officer with the Town of Barnstead Police Department. In May 2019, Trottier filed a complaint in superior court against the Northfield PD. In the complaint, Trottier alleges that, in 2018, he sought employment as a Trooper with the Division and that, in the course of the Division's pre-employment background investigation, the Northfield PD falsely represented to the Division that it had a "secret file" about Trottier. Trottier claims that the Northfield PD's false representation about the "secret file" damaged his reputation, caused the Division not to hire him, interfered with his employment prospects with other law enforcement agencies, and violated a prior agreement between him and the Northfield PD. As previously noted, the Division was not a named party in Trottier's lawsuit.

After filing his complaint, Trottier asked the Division for a copy of its pre-employment background investigation file. The Division construed the request as one made under the Right-to-Know Law, and denied it. See RSA ch. 91-A (2013 & Supp. 2020). Trottier did not challenge the denial by filing a separate suit under the Right-to-Know Law in the superior court. See RSA 91-A:7 (Supp. 2020). Instead, in his civil suit against the Northfield PD, Trottier filed an assented-to motion to compel the Division to disclose his pre-employment background investigation file. He argued that he and the Northfield PD believed that the file contained information relevant to his claims, and that the information would impact the Northfield PD's ability to mount a defense. Trottier did not issue a subpoena or give notice to the Division. On August 22, 2019, the trial court granted the motion to compel, ruling that it would reconsider its order "if the [Division] file[s] a motion to reconsider and/or objection within 10 days of receipt of this order."

The Division, after receipt on August 27 of a copy of the motion to compel and the August 22 order, filed a timely objection on September 6 and moved for a protective order to prevent discovery of the pre-employment file. The

2

Northfield PD filed a reply on September 23, and the Division filed a surreply on October 10. In its pleadings, the Division argued that, because it was a nonparty and had not been served with a subpoena, the trial court's only justifiable basis for compelling production of the file was the Right-to-Know Law, RSA chapter 91-A. It further argued that the file, as a record pertaining to internal personnel practices, was exempt from disclosure under the Right-to-Know Law. See RSA 91-A:5, IV (2013). Alternatively, the Division argued that, even if a subpoena were properly issued, the file would be exempt from civil discovery because of the statutory privilege established by RSA 516:36, II.

The trial court held a hearing on Trottier's motion to compel on October 25. On October 29, it issued a written order and again granted the motion. It explained that, although it agreed with the Division that pre-employment files are exempt from disclosure under the Right-to-Know Law, it needed to address the distinct question of whether the file is subject to discovery. The court reasoned that RSA 516:36, II applies only to "internal investigations of people who are or were employed as police officers — not people who are seeking employment with the agency involved." Given this conclusion, and the fact that Trottier's claims put any statements made during the pre-employment investigation directly at issue, the court ordered the Division to produce the file subject to a protective order. The protective order required the parties to keep the file confidential and prohibited them from disclosing any portion of the file "in any public court filing or in open court absent approval by the Court in advance, with notice to the [Division]." The trial court denied the Division's motion to reconsider. The Division then filed this petition for writ of certiorari. See Sup. Ct. R. 11.

The Division raises two arguments in support of its position that the trial court erred when it ordered the Division to produce the pre-employment investigation file. First, it argues that, without service of a valid subpoena or the filing of a Right-to-Know Law petition naming the Division as a party, the court had "no jurisdiction over" the Division to order production. Second, the Division asserts that the file was not discoverable because the file relates to an "internal investigation into the conduct of any officer." RSA 516:36, II. None of the parties challenge the trial court's ruling that "pre-employment investigations are exempt from disclosure" under the Right-to-Know Law, and, therefore, we need not address the issue.

Certiorari is an extraordinary remedy that is not granted as a matter of right, but rather at the court's discretion. Petition of State of N.H. (State v. Lewandowski), 169 N.H. 340, 341 (2016); Sup. Ct. R. 11(1). Our review of the trial court's decision on a petition for writ of certiorari entails examining whether the court acted illegally with respect to jurisdiction, authority or observance of the law, or unsustainably exercised its discretion or acted arbitrarily, unreasonably, or capriciously. See Petition of State, 169 N.H. at 341.

3

We review a trial court's decisions on the management of discovery under an unsustainable exercise of discretion standard. Petition of Stompor, 165 N.H. 735, 738 (2013). The Division — the nonprevailing party — asks us to apply this standard when deciding the first issue raised in its petition. We therefore assume, without deciding, that our unsustainable exercise of discretion standard of review applies as we analyze the first issue. To satisfy this standard in the context of this unique case, the Division, a nonparty to the underlying litigation, must demonstrate that the trial court's ruling was clearly untenable or unreasonable to its prejudice. See id.

The Division first argues that the trial court lacked authority to order it to produce the investigation file. It asserts that there are two procedural avenues by which the trial court could have exerted authority over it as a nonparty and ordered production of the file: pursuant to a petition filed under the Right-to-Know Law or after service of a subpoena. The Division contends that the trial court did not afford it the procedural safeguards inherent in either process, thereby depriving it of timely notice of the governing legal framework and a meaningful opportunity to carry its burden of resisting disclosure.

As an initial matter, we are not persuaded by the Division's argument that the trial court erred when it did not "end[] its analysis at its conclusion that the records sought are . . . exempt from production pursuant to RSA [chapter] 91-A." After the Division, relying upon the Right-to-Know Law, denied Trottier's request for the file, Trottier never brought a separate Right-to-Know Law action in superior court seeking disclosure of the file. See RSA 91-A:7; Lambert v. Belknap County Convention, 157 N.H. 375, 377 (2008) (involving petition for declaratory judgment alleging violation of the Right-to-Know Law filed in superior court after county officials denied petitioners' request for documents). Rather, Trottier simply filed a motion to compel in the ongoing civil action, which specified that the parties sought the file because they believed it might contain information relevant to Trottier's claims or the Northfield PD's defense of such claims. In ruling on the motion, the trial court reasoned that, although it agreed with the Division that "pre-employment investigations are exempt from disclosure under the Right to Know statute, RSA 91-A:5," that conclusion did "not end the inquiry into the discoverability of such information." In other words, the court rejected the Division's argument that Trottier's request should be construed as a Right-to-Know petition and controlled by the Right-to-Know Law and, instead, construed the pleading as a discovery request. Given the procedural history and the substance of Trottier's motion, the trial court did not err in adopting this approach.

The Division next argues that the trial court erred when, in the absence of a valid subpoena, it ordered the Division to produce the investigation file. It is well established that a party may request discovery from a nonparty. See, e.g., Robbins v. Kalwall Corp., 120 N.H. 451, 452-53 (1980); Therrien v.

4

Company, 99 N.H. 197, 199-200 (1954). The proper procedure for doing so is for the party to serve the nonparty with a subpoena. See, e.g., Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1158 (9th Cir. 2010); Bueker v. Atchison, Topeka and Santa Fe Ry. Co., 175 F.R.D. 291, 292 (N.D. Ill. 1997); Yidi, L.L.C. v. JHB Hotel, L.L.C., 70 N.E.3d 1231, 1238 (Ohio Ct. App. 2016).

To facilitate third-party discovery under New Hampshire law, a party may serve a nonparty with a subpoena to provide deposition testimony and with a subpoena duces tecum to require production of certain documents or other materials at the deposition. See RSA 516:4 (2007); Super. Ct. R. 26(d). A subpoena issued for either purpose must conform with the form set forth in RSA 516:1 and must be signed by a justice or notary. RSA 516:1 (2007), :4; see also 4 Gordon J. MacDonald, New Hampshire Practice: Wiebusch on New Hampshire Civil Practice and Procedure § 27.07(1)(c), at 27-4 to 27-5 (4th ed. 2014). Specifically, the subpoena must bear the caption of the case, the witness's name, the date and location of the deposition, and the subject of the testimony or the materials designated for production. RSA 516:1; Super. Ct. R. 26(d); see also 4 MacDonald, supra § 27.07(1)(c), at 27-5. The party must provide notice to the deponent, either by reading the subpoena to him or her or by serving the deponent in-hand with an attested copy. RSA 516:5 (2007). The party must also provide the deponent with travel and attendance fees. See id. If a party names a governmental agency as the deponent, the subpoena must describe the matters for examination with "reasonable particularity." Super. Ct. R. 26(m). And, when serving a subpoena on a nonparty governmental agency, a party must advise the nonparty of its duty to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf. Id. If, after service of a subpoena, a deponent refuses to answer a deposition question or provide requested materials, the party seeking discovery may, after providing notice to all persons affected, request that the court compel an answer or production. See Super. Ct. R. 26(k); see also Super. Ct. R. 29(e) (governing motions to compel).

Here, a valid subpoena was never served on the Division. Indeed, the Division was unaware of the discovery request prior to receiving a copy of the trial court's initial order granting the motion to compel. The trial court therefore erred when it required the Division to produce the pre-employment file despite the fact that it had not received notice of the discovery request by way of subpoena. However, "[f]or an error to require reversal on appeal, it must have been prejudicial to the party claiming it." Giles v. Giles, 136 N.H. 540, 545 (1992) (quotation and brackets omitted). The Division argues that it was prejudiced because it did not have timely notice and a meaningful opportunity to oppose disclosure. We disagree.

Although the Division did not receive notice by way of the subpoena process, it did receive adequate notice. The Division received a copy of the

motion to compel with the trial court's initial order within five days of the order's issuance. The motion briefly described the nature of Trottier's lawsuit and identified the material sought to be discovered — "the pre-employment background investigation file regarding [Trottier]" — with "reasonable particularity." The order granting the motion alerted the Division that it had ten days from the receipt of the order to file an objection — which is identical to the time period set forth in the civil rules for filing an objection. See Super. Ct. R. 13(a). The Division objected within that timeframe.

Moreover, the trial court provided the Division with several opportunities to be heard in opposition. Although the court initially granted the motion to compel on August 22, the order was conditional. Before ruling on October 29, the court considered the Division's written objection, permitted the filing of a surreply, and allowed the parties to present oral arguments.

To be sure, at the outset it was unclear whether the court analyzed the motion to compel under civil discovery rules or under the Right-to-Know Law. Nevertheless, the Division had the opportunity to — and in fact did — advance arguments in the trial court implicating both the civil discovery rules and RSA chapter 91-A. In its objection to the August 22 order, the Division argued that the file was shielded from discovery under RSA 516:36, II, and that it was exempt from public disclosure under RSA 91-A:5, IV. In its surreply, the Division raised the additional argument that the trial court must analyze the motion to compel under the Right-to-Know Law. It also argued that, even if it had been properly served, the background investigation file would have been undiscoverable pursuant to RSA 516:36, II. The bulk of the surreply focused on the interpretation of RSA 516:36, II, including a discussion of legislative history. It was accompanied by a voluminous exhibit containing legislative history.

In its October 29 order, the trial court rejected the Division's argument that the Right-to-Know Law should control and clarified that it viewed the motion to compel as a discovery request. In its motion to reconsider, the Division raised several additional arguments regarding the construction of RSA 516:36, II and its application to the pre-employment file. Because the trial court ultimately afforded the Division notice and opportunity to be heard that was materially equivalent to that afforded by the formal subpoena process, we conclude that the Division did not suffer prejudice because a subpoena was not issued or served.

In arguing for a contrary conclusion, the Division asserts that it was prejudiced because the trial court improperly imposed the initial burden of proof on it to show why the file was not discoverable. We disagree with the Division's characterization of what transpired in the trial court. In its August 22 order, the trial court impliedly found that Trottier and the Northfield PD had met their initial burden of showing that the file was "relevant to the subject

matter" of the pending action and that the request was "reasonably calculated to lead to the discovery of admissible evidence." Super. Ct. R. 21(b); see also In the Matter of Aube & Aube, 158 N.H. 459, 466 (2009) ("We must assume that the trial court made subsidiary findings necessary to support its general ruling." (quotation omitted)). The trial court thereafter afforded the Division several opportunities to persuade it that the file is privileged under RSA 516:36, II. See Super. Ct. R. 21(b) ("[P]arties may obtain discovery regarding any matter, not privileged . . . ."); In re Grand Jury Proceedings (Gregory P. Violette), 183 F.3d 71, 73 (1st Cir. 1999) ("As a general matter, a party asserting a privilege has the burden of showing that the privilege applies."). Therefore, the trial court, after imposing the initial burden of establishing relevancy on Trottier and the Northfield PD, properly shifted the burden to the Division to show why the file was not discoverable.

In sum, although the trial court erred when it compelled the Division to produce discovery without service of a subpoena, the ruling did not prejudice the Division because it was provided with the fundamental requirements of due process: "notice and opportunity to be heard." King v. Mosher, 137 N.H. 453, 456 (1993). Notably, the court also ensured that the confidentiality of the investigation file is maintained. Accordingly, we conclude that the Division has failed to show that the trial court's ruling was clearly untenable or unreasonable to its prejudice. See Petition of Stompor, 165 N.H. at 738.[1]

We turn now to the second issue on appeal: whether the trial court erred when it ruled that RSA 516:36, II does not shield the pre-employment background investigation file from discovery. "Although we generally review trial court decisions regarding discovery management and related issues deferentially under our unsustainable exercise of discretion standard, where, as here, the court's ruling is based on its construction of a statute, our review is de novo." Petition of N.H. Sec'y of State, 171 N.H. 728, 734 (2019) (citation omitted).

In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. Petition of Carrier, 165 N.H. 719, 721 (2013). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. Id. Moreover, we do not consider words and phrases in

---

[1] To the extent the Division also argues that it was prejudiced because it was "deprived of an opportunity" to designate someone to testify on its behalf under Superior Court Rule 26(m), we disagree. Not only has the Division failed to explain how it was prejudiced, but the Division will likely have the opportunity to designate such an individual on remand.

isolation, but rather within the context of the statute as a whole, which enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme. Id.

RSA 516:36, II provides, in relevant part, that:

> All records, reports, letters, memoranda, and other documents relating to any internal investigation into the conduct of any officer, employee, or agent of any state, county, or municipal law enforcement agency having the powers of a peace officer shall not be admissible in any civil action other than in a disciplinary action between the agency and its officers, agents, or employees. Nothing in this paragraph shall preclude the admissibility of otherwise relevant records of the law enforcement agency which relate to the incident under investigation that are not generated by or part of the internal investigation.

RSA 516:36, II (emphases added). The Division argues first that the pre-employment file falls within the scope of the privilege because it relates to an "internal investigation into the conduct of any officer," and, second, that RSA 516:36, II prohibits the discovery of documents as well as their admission into evidence. Because our interpretation of the scope of the statute is dispositive, we need not address the Division's second argument.

The Division contends that, because it conducted the investigation for its sole benefit and use in determining whether to hire Trottier, the pre-employment investigation is an "internal investigation into the conduct of any officer," RSA 516:36, II. We disagree. The plain and unambiguous language of the statute does not support the Division's interpretation. The phrase at issue does not encompass investigations into "applicants" or "candidates" for employment with a law enforcement agency. Rather, it includes only "internal investigation[s] into the conduct of any officer, employee, or agent" of a law enforcement agency. Id. Because we will not "add language [to the statute] that the legislature did not see fit to include," Petition of Carrier, 165 N.H. at 721, we decline to adopt the Division's proposed construction of RSA 516:36, II.

In further support of its argument, the Division relies on Clay v. City of Dover, 169 N.H. 681 (2017), and Reid v. New Hampshire Attorney General, 169 N.H. 509 (2016). However, its reliance on these cases is misplaced. Clay and Reid each involved the interpretation of a different phrase, "internal personnel practices," as used in a different statute, RSA 91-A:5, IV, within the separate statutory scheme of the Right-to-Know Law. See Clay, 169 N.H. at 686-88; Reid, 169 N.H. at 517, 522-26. Both cases interpreted the plain meaning of the phrase "internal personnel practices," see Clay, 169 N.H. at

8

686-88; <u>Reid</u>, 169 N.H. at 522-23, whereas, as explained below, here our interpretation is governed by the statutory definition of "internal investigation" in RSA 516:36, II.  Moreover, both <u>Clay</u> and <u>Reid</u> involved requests for information made pursuant to the Right-to-Know Law — the purpose of which is to ensure "the transparency of government."  <u>Prof'l Firefighters of N.H. v. Local Gov't Ctr.</u>, 159 N.H. 699, 709 (2010).  By contrast, here, we are interpreting a statute that governs information sought for use in the course of civil litigation.  <u>See</u> RSA 516:36, II.

The Division next argues that the statutory privilege applies because Trottier qualifies as "any officer" within the meaning of RSA 516:36, II.  It asserts that Trottier previously was employed as a police officer by the Northfield PD and, at the time of the investigation, was employed as a law enforcement officer by another town.  We reject this interpretation because it fails to construe all parts of the statute together.  <u>See</u> <u>Petition of Carrier</u>, 165 N.H. at 721 ("We construe all parts of a statute together to effectuate its overall purpose . . . .").  Although the phrase "any officer, employee, or agent of any state, county, or municipal law enforcement agency having the powers of a peace officer," RSA 516:36, II, is broad, it must be construed with the statutory definition of "internal investigation" in mind.  RSA 516:36, II defines "internal investigation" as "any inquiry conducted by the chief law enforcement officer <u>within</u> a law enforcement agency or authorized by him." <u>Id</u>. (emphasis added).  Here, the word "within" functions as a preposition, and therefore "indicate[s] enclosure or containment: as . . . in the limits or compass of : not beyond."  <u>Webster's Third New International Dictionary</u> 2627 (unabridged ed. 2002) (offering the following example of this usage: "research conducted [within] . . . the company").  We therefore construe "internal investigation" to mean only those inquiries made or authorized by the chief law enforcement officer of a law enforcement agency that are conducted within the agency.

Accordingly, we interpret RSA 516:36, II as applying to documents relating to inquiries made into the conduct of an officer, employee, or agent of <u>the investigating</u> law enforcement agency.  At the time of the investigation, Trottier was not an officer, employee, or agent of the Division — rather, he was applying for such a position.  We therefore conclude that the pre-employment file is not within the scope of RSA 516:36, II.[2]  Of course, if the legislature disagrees with our interpretation of RSA 516:36, II, "it is free, subject to constitutional limitations, to amend the statute."  <u>State v. Dor</u>, 165 N.H. 198, 205-06 (2013).

---

[2] We observe that, although pre-employment background investigation files do not fall within the scope of RSA 516:36, II, trial courts may enter protective orders that preclude disclosure of certain parts of the file or limit access to the parties, <u>see</u> <u>Super. Ct. R.</u> 29(a), just as the trial court did in this case.

9

In sum, because the Division received notice and opportunity to be heard equivalent to that afforded by the formal subpoena process, we conclude that the Division was not prejudiced when, in the absence of service of a subpoena, the trial court ordered the Division to produce the pre-employment investigation file. We also conclude that the file is not within the scope of RSA 516:36, II, and, therefore, the trial court did not err when it ruled that the file was discoverable.

Affirmed.


HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.